UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL CIOFFI,<br><br>       Plaintiff,<br><br>   v.<br><br>BOUROUGH OF ENGLEWOOD CLIFFS, *et al.*,<br><br>       Defendants. | Civ. No. 2:16-cv-04536 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

      Plaintiff Michael Cioffi filed, through counsel, this 42 U.S.C. § 1983 action against, *inter alia*, moving Defendant Mario M. Kranjac ("Kranjac") and other non-moving Defendants, generally alleging that Defendants violated his constitutional rights in suspending him from his position as chief of the Englewood Cliffs police department. This matter comes before the Court on a motion by Defendant Kranjac to dismiss Count V of the Complaint against him, pursuant to Federal Rule of Civil Procedure 12(b)(6). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Kranjac's motion to dismiss is **GRANTED** and Count V of the Complaint is **DISMISSED** with prejudice as to Kranjac.

**I.  BACKGROUND**

      The following facts are alleged in the Complaint and taken as true for purposes of the pending motion to dismiss. ECF No. 1 (Compl.). The Court will only discuss the underlying facts relevant to the presently pending motion.

      Plaintiff is the Chief of the Englewood Cliffs Police Department. *Id*. ¶ 1. Defendant Kranjac is the Mayor of Englewood Cliffs. *Id*. ¶ 3.

      In March 2016, Plaintiff received a "Rice Notice"[1] from the Borough Clerk, stating that certain "matters," including "overtime expenditures, internal affairs procedures, and PBA complaints" were "to be discussed" at the regular meeting of the Governing Body on April 13, 2016. *Id*. ¶ 52. The Rice Notice gave Plaintiff the option

---

[1] *See Rice v. Union County Regional High School Bd. Of Education*, 155 N.J. Super. 64 (App. Div. 1977).

of having those matters discussed at an open public meeting or at an executive session of the Governing Body that he could attend, but that would be closed to the public. *Id*. Through his counsel, Plaintiff returned the Rice Notice signed by him and requesting that those matters be discussed at an open public meeting. *Id*. He was not provided with any other notice of what was to be "discussed." *Id*.

At the April 13 meeting, a municipal attorney made a presentation concerning actions taken by Plaintiff, including an alleged "ticket fixing" scheme. *Id*. ¶¶ 53, 55. Following the presentation, a council member made a motion to immediately place Plaintiff on administrative leave, with pay, for 30 days pending an investigation by the Bergen County Prosecutor and an administrative investigation by Kranjac and Council. *Id*. The Council voted 2-2, with one abstention; Kranjac voted in favor to break the deadlock and the motion was approved 3-2. *Id*. At no time prior to this meeting was Plaintiff ever served with a preliminary notice of disciplinary action setting forth the charges against him. *Id*. ¶ 54.

On April 29, 2016, Plaintiff appealed the Council's decision. *Id*. ¶ 59. On May 12, 2016, Plaintiff's paid administrative leave ended and he was restored to active duty. *Id*. ¶ 60.

In July 2016, Plaintiff filed this action seeking damages, principally under § 1983, against Kranjac, both in his official capacity and his individual capacity, and the other defendants for, among others things, "dismissal without procedural due process" ("Count V" or "the procedural due process claim"). Specifically, in Count V, Plaintiff alleges a violation of his procedural due process rights under the Fifth and Fourteenth Amendment for Kranjac's failure "to adhere to the due process protections codified in N.J.S.A. 40A:14-147 et seq," which provides for notice and a hearing prior to the suspension of a police officer. *Id*. ¶¶ 98-99.

Kranjac now moves to dismiss only Count V of the Complaint against him, arguing that he is entitled to qualified immunity on that claim.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a 12(b)(6) motion, the Court must accept as true all allegations in the complaint, and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff. *See Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).

### III. DISCUSSION

Kranjac maintains that he is entitled to qualified immunity as to Plaintiff's procedural due process claim against him. The Court agrees.

The doctrine of qualified immunity shields government officials who perform discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). "Under the two-step sequence for resolving claims of qualified immunity, [Courts] must determine whether the alleged or proven conduct of the defendant violated the plaintiff's constitutional rights." *Carroll v. Clifford Twp.*, 625 F. App'x 43, 47 (3d Cir. 2015) (citing *Pearson v. Callahan,* 555 U.S. 223, 232 (2009)). Second, Courts ask whether the right was "clearly established at the time of [the] defendant's misconduct." *Id.* (internal quotation marks and alterations omitted). Courts have "discretion to perform [this] inquiry in the order [they] deem most appropriate for the particular case before [them]." *Santini v. Fuentes*, 795 F.3d 410, 418 (3d Cir. 2015) (citing *Pearson*, 555 U.S. at 236).

In this instance, the relevant inquiry is whether: (1) Plaintiff had a procedural due process right to a hearing prior to his suspension with pay; and (2) such a right was so clearly established in law "that [Defendant's] conduct was unlawful in the situation he confronted." *Schmidt v. Creedon*, 639 F.3d 587, 598 (3d Cir. 2011) (internal citation omitted). Here, the Court need not decide whether Plaintiff had a procedural due process right to a hearing prior to his suspension with pay, because any such right was not clearly established at the time of his suspension. *See Pearson*, 555 U.S. at 236.

In determining whether a right is "clearly established," the Third Circuit considers decisions of the Supreme Court and the Third Circuit, as well as "other Courts of Appeals . . . when [the Third Circuit has] not yet addressed the right asserted by the plaintiff." *Schmidt*, 639 F.3d at 598 (citing *Williams v. Bitner*, 455 F.3d 186, 192–93 (3d Cir. 2006)). At the time of Plaintiff's suspension, there was no Supreme Court or Third Circuit case law setting forth a clear right to hearing before suspension with pay. Rather, the existing body of cases suggests the opposite. The Supreme Court has indicated that the problem of a pre-termination hearing can be "avoided" by "suspending [an employee] with pay." *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 545 (1985). In *Schmidt*, the Third Circuit stated that, while "due process requires notice and a hearing prior to suspension without pay . . . the standard applicable to suspension with pay is a more difficult question that we do not consider here." 639 F.3d at 597, n.16. In another Third Circuit case, the Court of Appeals held that a police officer's "interest in receiving a hearing before his suspension with pay was outweighed by [town's] interest in maintaining the integrity of its police force." *Morgan v. Covington Twp.*, 648 F.3d 172, 181 (3d Cir. 2011); *see also Smith v. Borough of Dunmore*, 516 F. App'x 194, 200 (3d Cir. 2013) (holding that police officer who was suspended with pay had suffered a deprivation of property that was "incidental at best," so the absence of a predeprivation

hearing was justified under numerous government interests, such as public safety or avoiding negative press).

Similarly, other Circuit and district courts have determined that suspension with pay does not generate due process concerns. *See Townsend v. Vallas,* 256 F.3d 661, 676 (7th Cir. 2001) (suspension with pay does not trigger due-process protections unless the suspension imposes a substantial indirect economic effect on the plaintiff); *Palka v. Shelton*, 623 F.3d 447, 452–53 (7th Cir. 2010) (same); *Sanchez v. Baca*, 182 F.3d 933 (10th Cir. 1999) ("Suspension with pay does not raise due process concerns") (internal citations omitted); *McIntosh v. Partridge*, 540 F.3d 315, 324 (5th Cir. 2008) (suspension with pay without a hearing did not violate due process); *see also Smith v. Borough of Dunmore*, No. 3:05-CV-1343, 2011 WL 4458787, at *4 (M.D. Pa. Sept. 23, 2011), *aff'd*, 516 F. App'x 194 (3d Cir. 2013) ("Because a paid suspension does not implicate the same economic concerns as more substantial interests in not being fired, or in not being suspended *without* pay, it can be classified as insignificant [for procedural due process purposes]." (internal citations omitted)).

In light of the absence of clear precedent in this or other Circuits indicating a clearly established right to a hearing before a suspension with pay, the Court finds that a "reasonable official in [Kranjac's] position at the relevant time could have believed, in light of what was in the decided case law, that [his] conduct would be lawful." *Leveto v. Lapina*, 258 F.3d 156, 162 (3d Cir. 2001). *See generally Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 983 (9th Cir. 1998) ("because procedural due process analysis essentially boils down to an ad hoc balancing inquiry, the law regarding procedural due process claims can rarely be considered 'clearly established,' at least in the absence of closely corresponding factual and legal precedent" (internal citations omitted)). Therefore, Kranjac is entitled to qualified immunity on Plaintiff's procedural due process claim. *See Schmidt,* 639 F.3d at 599.

In opposition, Plaintiff asserts that ruling on Kranjac's motion to dismiss prior to discovery is premature, because Plaintiff has not yet had an adequate opportunity to develop the facts necessary to establish his constitutional right to a pre-suspension hearing. But in *Pearson v. Callahan*, the Supreme Court resolved the problem of ruling on qualified immunity where "the answer [to] whether there was a violation may depend on a kaleidoscope of facts not yet fully developed" by allowing courts to proceed directly to the question of whether the constitutional right in question was clearly established, and abstaining from deciding the (at times, more difficult) question of whether there was a constitutional violation at all. *See Pearson*, 555 U.S. at 238–39. Thus, in this case, even assuming that Plaintiff had a procedural due process right to a hearing before he was suspended with pay – and that this right was violated – because the Court holds that any such right was not "clearly established" at the time of the suspension, no further factual inquiry into the alleged constitutional violation is necessary. *See Spell v. Allegheny Cty.*, 642 F. App'x 105, 108 (3d Cir. 2016) (affirming district court's pre-discovery dismissal

of a claim on qualified immunity grounds because "it was not clearly established that [Defendant's actions] violated [Plaintiff's] First Amendment rights (assuming that it even did so, which we do not decide).").

### IV. CONCLUSION

For the reasons stated above, Kranjac's motion to dismiss is **GRANTED** and Count V of the Complaint is **DISMISSED** against him.  An appropriate order follows.

_s/ William J. Martini_
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: January 23, 2017**