UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MICHAEL CIOFFI,

               Plaintiff,

-vs-

BOROUGH OF ENGLEWOOD CLIFFS, MARIO M. KRANJAC (*In his Official and Individual Capacities*), CARROL McMORROW (*In her Official and Individual Capacities*), NUNZIO CONSALVO (*In his Official and Individual Capacities*), MARK PARK (*In his Official and Individual Capacities*), (*In his Official and Individual Capacities*),

               Defendants.

Civil Action No.: 2:16-cv-04536-WJM-MF

Civil Action

**FIRST AMENDED SCHEDULING ORDER**

THIS MATTER having come before the Court for a scheduling conference pursuant to Rule16 of the Federal Rules of Civil Procedure on October 25, 2017 before the Honorable Mark Falk, U.S.M.J., and for good cause shown:

IT IS on this __19__ day of January, 2018

ORDERED THAT:

## I. DISCLOSURES

1.     Fed. R. Civ. P. 26 disclosures have been exchanged and must be updated to address any new claims asserted by the Plaintiff. Any updates must be served by on or before January 31, 2018.

## II. DISCOVERY

2.     Fact discovery is to remain open through August 31, 2018. No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

3.     In the event Plaintiff is permitted to file a Second Amended Complaint, the parties may serve interrogatories limited to five (5) single questions and twenty-five (25) requests for production of documents related to the new counts contained in the Second Amended Complaint, to supplement the interrogatories and requests for production already exchanged. Said requests must be

served by on or before February 1, 2018 and responses to same will be due within thirty (30) days of receipt.

  4.  No objections to questions posed at depositions shall be made other than as to lack of foundation, form, or privilege. See Fed. R. Civ. P. 32(d) (3) (A). No instruction not to answer shall be given unless a privilege is implicated.

  5.  Any discovery dispute shall be brought to the Court's attention in the first instance by letter or by telephone conference call immediately after the parties' good faith attempt to resolve the dispute has failed. See L. Civ. R. 16.1(f)(1).

  6.  No discovery motion or motion for sanctions for failure to provide discovery shall be made without prior leave of Court.

  7.  Any discovery or case management dispute shall be raised informally as provided for in Local Civil Rule 37.1, following an actual meet-and-confer by the parties. If the parties are unable to agree, a short letter may be FAXED to chambers at 973-645-3097 indicating that there is a dispute and the subject matter of the dispute. Detailed, multi-page letters should not be submitted. Upon receipt of any such letter, the Court will attempt to schedule a telephone conference within 24 hours to discuss the details of the dispute and make a more specific plan for how it should be addressed (e.g., formal motion, informal briefing, in-court meet and confer, etc.). Any letter submitted should be double spaced.

  8.  Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court no later than ~~August 31~~ June 30, 2018, and the Court will not entertain applications concerning discovery matters, informally or otherwise, after this date.

### III. DISCOVERY CONFIDENTIALITY ORDERS

  9.  The parties should submit any proposed discovery confidentiality order by January 31, 2018. Any confidentiality order submitted must strictly comply with Local Civil Rule 5.3. Any such form of order must be accompanied by an affidavit or attorney certification filed electronically under the designation "affidavit/certification in support of discovery confidentiality order." The affidavit or attorney certification shall describe (a) the nature of the materials to be kept confidential, (b) the legitimate private or public interests which warrant confidentiality and (c) the clearly defined and serious injury that would result should the order not be entered. Any such order must be clearly designated "Discovery Confidentiality Order." See L. Civ. R. 5.3.

  10.  Any disputes over the entry of a discovery confidentiality order should be raised with the Undersigned pursuant to Local Civil Rule 37.1 following a good faith effort to meet and confer. See L. Civ. R. 5.3(b)(5); L. Civ. R. 37.1. <u>The absence of a discovery confidentiality order is not a sufficient basis to withhold discovery</u>. Pending the entry of a discovery confidentiality order and/or during the pendency of any dispute relating to the entry of a discovery confidentiality order, discovery shall proceed on a temporary attorney's eyes only basis.

## IV. FUTURE CONFERENCES

11. There shall be telephone status conference before the Undersigned on 3/27/18 at 3:15 p.m. Plaintiff's counsel shall arrange for and initiate the conference call.

12. The Court may from time to time schedule conferences as may be required, either sua sponte or at the request of a party.

13. Counsel should be prepared to discuss settlement at every conference with the Court. The senior attorney in charge of the case must attend all settlement conferences. In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision on the settlement will be the person available for the conference.

14. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

15. A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action. Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

## V. MOTIONS

16. Any motion to add new parties, whether by amendment or third-party complaint, must be filed on or before May 1, 2018.

17. No motions are to be filed without prior written permission from this Court. All dispositive motions must first be subject to a dispositive motion pre-hearing. These prerequisites must be met before any motions are filed and the motions will be returned if not met. All calendar or dispositive motions, if permitted, shall comply with L. Civ. R. 7.1 and 78.1.

18. Dispositive motions, if any, are to be filed by TO BE SET.

## VI. EXPERTS

19. All affirmative expert reports shall be delivered by October 15, 2018, with depositions of those experts to be taken and completed within thirty (30) days of receipt of report. See Fed. R. Civ. P. 26(b) (4) (A). Any such report is to be in the form and content as required by Fed. R. Civ. P. 26(a) (2) (B).

3

20. All responding expert reports shall be delivered by November 15, 2018, with depositions of those experts to be taken and completed within thirty (30) days of receipt of report. Any such report shall be in the form and content as described above.

21. No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in his report.

## VII. FINAL PRETRIAL CONFERENCE

22. A final pretrial conference shall be conducted pursuant to Civil Rule 16(d) at a time and date to be assigned.

23. All counsel are directed to assemble at the office of plaintiff's counsel not later than ten (10) days before the pretrial conference to prepare the proposed Final Pretrial Order in the form and content required by the Court, as well as the required pretrial submissions consisting of agreed- upon jury instructions, voir dire questions, verdict sheet, trial briefs and a neutral statement of the case to be read to the jury panel, all of which must be submitted forty-eight (48) hours before the final pretrial conference. Plaintiff's counsel shall prepare the Pretrial Order and shall submit it to all other counsel for approval.

24. With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

25. The original of the Final Pretrial Order shall be delivered to Chambers not later than forty-eight (48) hours before the pretrial conference, along with all pretrial submissions and trial briefs. All counsel are responsible for the timely submission of the Pretrial Order and submissions.

26. FAILURE TO FOLLOW THIS ORDER WILL RESULT IN SANCTIONS PURSUANT TO Fed. R. Civ. P. 16(f) and 37.

MARK FALK
United States Magistrate Judge