THE LAW OFFICES OF
# RICHARD MALAGIERE
A PROFESSIONAL CORPORATION
www.malagierelaw.com

| | | | |
|---|---|---|---|
| **Richard Malagiere**<br>*Member NJ & NY Bar*<br>*Registered Patent Attorney*<br><br>**Matthew E. Gilson**<br>*Member NJ Bar* | 250 MOONACHIE ROAD<br>SUITE 102<br>MOONACHIE, NJ 07074<br>201.440.0675<br>FAX: 201.440.1843 | WHITE BUILDING<br>17 BATTERY PLACE, STE., 610<br>NEW YORK, NEW YORK 10004<br>212.879.5580<br>FAX: 212.879.5583 | *OF COUNSEL*<br>**Lawrence D. Mandel**<br>*Member NJ & PA Bar*<br>**Leonard E. Seaman**<br>*Member NJ Bar*<br>*Certified by the Supreme Court of*<br>*New Jersey as a Civil Trial Attorney* |

\*REPLY TO NJ OFFICE

Writer's Direct Dial: 201.509.4181
Writer's e-mail: rm@malagierelaw.com

January 19, 2018

<u>Via ECF</u>
Hon. Mark Falk, U.S.M.J.
United States District Court
District of New Jersey
U.S. Post Office and Courthouse, Room 457
1 Federal Square Newark, New Jersey 07102

      Re: Cioffi v. Borough of Englewood Cliffs, et al.
          Civil Action No. 2:16-cv-04536-WJM-MF

Dear Magistrate Falk:

      This office along with the Galantucci, Patuto, DeVencentes, Potter & Doyle, LLC law firm represents the plaintiff Chief Michael Cioffi ("Plaintiff" or "Chief Cioffi") in connection with the above-referenced matter.

      Please find attached a proposed Discovery Confidentiality Order agreed to be all parties.

      Request is respectfully made that Your Honor consider the proposed Discovery Confidentiality Order and if same is acceptable execute same. Of course, if Your Honor has any issues with the form of the Order we stand ready to address and correct as required.

      Please contact me with any questions or comments.

                                              Respectfully Yours
                                              s/Richard Malagiere/
                                              Richard Malagiere

Cc: Counsel of record via ECF

Eric L. Harrison - ID #033381993
METHFESSEL & WERBEL, ESQS.
2025 Lincoln Highway, Suite 200
PO Box 3012
Edison, New Jersey 08818
(732) 248-4200
1(732) 248-2355
harrison@methwerb.com
Attorneys for Carrol McMorrow
Our File No. 85341 ELH

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL CIOFFI,<br><br>Plaintiff,<br><br>v.<br><br>BOROUGH OF ENGLEWOOD CLIFFS, MARIO M. KRANJAC (In his Official and Individual Capacities), CARROL MCMORROW (In her Official and Individual Capacities), NUNZIO CONSALVO (In his Official and Individual Capacities), MARK PARK (In his Official and Individual Capacities),<br><br>Defendants. | CASE No: 2:16-cv-04536 (WJM) (MF)<br><br>Civil Action<br><br>**DISCOVERY CONFIDENTIALITY ORDER** |

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

1.    Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains private or confidential personal information pertaining to any of the named defendants or any person or individual employed by any named defendant, including

1

but not limited to personnel files maintained by the Borough of Englewood Cliffs and/or its Police Department; (b) that contains information received in confidence from third parties; (c) that contains medical documentation, including all consultation, evaluations and treatment records for all named individual defendants and any non-party individuals; (d) Internal Affairs files and personnel files maintained by the Borough of Englewood Cliffs and/or its Police Department including but not limited to all documents related to any investigations, charges, hearings, proceedings, rulings/decisions, penalties and/or remedies, or (e) which the producing party or receiving party otherwise believes in good faith to be entitled to protection under Federal Rules of Civil Procedure, NJ Attorney General Guidelines or any other federal or state statute, regulation or law. Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter referred to as "Confidential" or "Confidential material").

2.  Any party to this litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY — SUBJECT TO DISCOVERY

CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only").

3. All Confidential material shall be used by the producing and receiving party for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential material, provided that such advice and opinions shall not reveal the content of such Confidential material except by prior written agreement of counsel for the parties, or by Order of the Court.

4. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

   a. Attorneys of record in this Action, and, if the attorney of record is a member of a law firm, the employees and staff of the law firm shall not be required to sign the "Agreement to Be Bound by Discovery Confidentiality Order" appended hereto as Exhibit A. However, the attorneys of record in the Action are responsible to supervise and ensure compliance with this Discovery Confidentiality Order.

   b. Personal counsel to Defendant Carrol McMorrow, Steven A. Varano and Joseph Slawinski, at the Law Offices of Steven A. Varano, P.C., 96 Newark Pompton Turnpike, Little Falls, N.J. 07424, who shall sign the "Agreement to be Bound by Discovery Confidentiality Order" appended hereto as Exhibit A, and the employees and staff of the law firm,.

   c. Parties to the Action;

   d. Persons retained by the attorneys of record to provide litigation support services in this action. Before any such person is permitted access to any of the Confidential material, such person shall be informed of the existence and contents of this Discovery Confidentiality Order and shall sign the "Agreement to Be Bound by Discovery Confidentiality Order" appended hereto as Exhibit A. The attorney or law firm hiring such individual or company is responsible for compliance by that individual or company with this Discovery Confidentiality Order.

   e. The insurer of a party to litigation and employees of such insurer to the extent reasonably necessary to assist the party's counsel to afford the insurer an

      opportunity to investigate and evaluate the claim for purposes of determining coverage and for settlement purposes;

    f. Experts and consultants (whether or not designated to testify) retained in this action by the attorneys of record, insofar as the attorneys of record may deem it necessary for the preparation or trial of this case to consult with such experts or consultants.

    g. Court reporters (and stenographers utilized during discovery), the Court and its employees and officers including, but not limited to, jurors empaneled in the trial of this case and any appellate court considering an appeal from this case.

    h. Any other employees for each party, solely for purposes of the action, so long as such individual[s] to whom disclosure is made pursuant to order of court or by stipulation of the Parties shall, prior to receiving such disclosure, be furnished with a copy of this Discovery Confidentiality Order and shall execute the "Agreement to Be Bound by Discovery Confidentiality Order" appended hereto as Exhibit A.

    i. Witnesses providing testimony at trial, but only at the time of such testimony and only as relevant and necessary to such testimony;

    j. Party and non-party witnesses being deposed, but only to the extent that such Confidential material is necessary and relevant to said deposition, and provided that in the case of a deponent who is not also a Party, such deponent has signed the "Agreement to Be Bound by Discovery Confidentiality Order" appended hereto as Exhibit A, prior to receiving any Confidential material.

    k. Any other individual that the producing party agrees in writing is a Qualified Person (which agreement shall not be unreasonably withheld); provided that, no Confidential material may be provided or disclosed to any such individual unless the individual has been provided with a copy of this Discovery Confidentiality Order and has first executed the "Agreement to Be Bound by Discovery Confidentiality Order" appended hereto as Exhibit A.

5.    Confidential material shall be used only by individuals permitted access to it under Paragraph 4. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) the attorney of record for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

6.    With respect to any depositions that involve a disclosure of Confidential or Attorney's Eyes Only material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are

to be designated Confidential or Attorney's Eyes Only, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 3(a), (b), (c), (d), (e), (f) and (g) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 3(a), (b), (c), (d), (e),(f), and (g) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential or Attorney's Eyes Only, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3.

7.  Material produced and marked as Attorneys' Eyes Only may be disclosed only to attorneys listed under paragraphs 4(a) and 4(b) for the receiving party and to such other persons as counsel for the producing party agrees in advance or as Ordered by the Court.

8.  If counsel for a party receiving documents or information designated as Confidential or Attorney's Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

   a. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for the objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorney's Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objecting asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

   b. If a dispute as to a Confidential or Attorney's Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Federal Rules of Civil Procedure, before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

5

9.  All requests to seal documents filed with the Court shall comply with the Federal Rules of Civil Procedure.

10. If the need arises during trial or at any Hearing before the Court for any party to disclose Confidential or Attorney's Eyes Only information, it may do so only after giving notice to the producing party and as directed by the Court.

11. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential or Attorney's Eyes Only material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Attorney's Eyes Only within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Discovery Confidentiality Order.

12. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with the Federal Rules of Court and Rules for Professional Conduct. Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege

if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

13. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential or Attorney's Eyes Only material under this Discovery Confidentiality Order.

14. This Discovery Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Discovery Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

15. This Discovery Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

16. Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential or Attorney's Eyes Only material and to destroy, should such source so request, all copies of Confidential or Attorney's Eyes Only material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential or Attorney's Eyes Only material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Discovery Confidentiality Order. To the extent a party requests the return of Confidential or Attorney's Eyes Only material from the Court after the final conclusion of the litigation, including the exhaustion

of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

17.     In the event any person institutes an action for breach of this Discovery Confidentiality Order, such individual may seek monetary damages, injunctive and/or equitable relief as the Court deems appropriate. In addition, any person who successfully obtains a judgment against any other person for breach of this Discovery Confidentiality Order shall be entitled to recover reasonable attorney's fees and costs, in addition to any monetary damages, injunctive and/or equitable relief that maybe awarded by the Court.

**IT IS SO ORDERED.**

Dated: _____          _____
                                     Honorable Mark Falk, U.S.M.J.

We hereby consent to the entry of the foregoing Order.

Domenick Carmagnola, Esq.
Carmagnola & Ritardi, LLC
60 Washington St.
Morristown, N.J. 07060
Attorney for Defendants Borough of Englewood Cliffs,
Nunzio Consalvo and Mark Park

BY: _____
Domenick Carmagnola, Esq.

We hereby consent to the entry of the foregoing Order.

Eric Harrison, Esq.
**METHFESSEL & WERBEL**
2025 Lincoln Highway
Suite 200
Edison, N.J. 08818
Attorney for Defendant Carrol McMorrow

BY: _____
      Eric L. Harrison, Esq.

We hereby consent to the entry of the foregoing Order.

Joseph Tripodi, Esq.
Kranjac Tripodi & Partners LLP
30 Wall Street, 12th Floor
New York, New York 10005
Attorneys for defendant Mario M. Kranjac,
in his official and individual capacity

BY: _____
       Joseph Tripodi, Esq.

We hereby consent to the entry of the foregoing Order.

James P. Patuto, Esq.
Galantucci & Patuto
55 State Street
Hackensack, NJ  07601
Attorneys for Plaintiff Michael Cioffi

BY: _____
     James P. Patuto, Esq.

We hereby consent to the entry of the foregoing Order.

Richard Malagiere, Esq.
Law Offices of Richard Malagiere, P.C.
250 Moonachie Road, Suite 102
Moonachie, NJ 07074
Attorneys for Plaintiff Michael Cioffi

BY: _____
      Richard Malagiere, Esq.

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

## EXHIBIT A

| | |
|---|---|
| MICHAEL CIOFFI,<br><br>      Plaintiff,<br><br>v.<br><br>BOROUGH OF ENGLEWOOD CLIFFS, MARIO M. KRANJAC (In his Official and Individual Capacities), CARROL MCMORROW (In her Official and Individual Capacities), NUNZIO CONSALVO (In his Official and Individual Capacities), MARK PARK (In his Official and Individual Capacities),<br><br>      Defendants. | CASE No: 2:16-cv-04536 (WJM) (MF)<br><br>Civil Action<br><br><br>**Agreement to be Bound by Discovery Confidentiality Order** |

I, _____, being duly sworn, state that:

1. My address is _____.

2. My present employer is _____ and the address of my present employment is _____.

3. My present occupation or job description is _____.

4. I have carefully read and understood the provisions of the Discovery Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Discovery Confidentiality Order.

5. I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any Confidential Material or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

6. I will limit use of Confidential Material disclosed to me solely for purpose of this action.

7. No later than the final conclusion of the case, I will return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct

_____  _____
     Date