THE LAW OFFICES OF
# RICHARD MALAGIERE
A PROFESSIONAL CORPORATION
www.malagierelaw.com

| **Richard Malagiere**<br>*Member NJ & NY Bar*<br>*Registered Patent Attorney*<br><br>**Matthew E. Gilson**<br>*Member NJ Bar* | 250 MOONACHIE ROAD<br>SUITE 102<br>MOONACHIE, NJ 07074<br>201.440.0675<br>FAX: 201.440.1843 | WHITE BUILDING<br>17 BATTERY PLACE, STE., 610<br>NEW YORK, NEW YORK 10004<br>212.879.5580<br>FAX: 212.879.5583 | *OF COUNSEL*<br>**Lawrence D. Mandel**<br>*Member NJ & PA Bar*<br>**Leonard E. Seaman**<br>*Member NJ Bar*<br>*Certified by the Supreme Court of*<br>*New Jersey as a Civil Trial Attorney* |

**\*REPLY TO NJ OFFICE**

Writer's Direct Dial: 201.509.4181
Writer's e-mail: rm@malagierelaw.com

March 5, 2018

Via ECF
Hon. Mark Falk, U.S.M.J.
United States District Court
District of New Jersey
U.S. Post Office and Courthouse, Room 457
1 Federal Square Newark, New Jersey 07102

    Re: Cioffi v. Borough of Englewood Cliffs, et al.
      Civil Action No. 2:16-cv-04536-WJM-MF

Dear Magistrate Falk:

  This office along with the Galantucci, Patuto, DeVencentes, Potter & Doyle, LLC law firm represents the plaintiff Chief Michael Cioffi ("Plaintiff" or "Chief Cioffi") in connection with the above-referenced matter. This letter is in response to Mr. Tripodi's March 2, 2018 letter to Your Honor regarding audio files produced by Plaintiff.

  Defendant Mario Kranjac ("Kranjac") is seeking to remove the "Attorney's Eyes Only" designation from the audio files. As per the terms of the Confidentiality Order, Plaintiff strenuously objects. In contrast to the allegation of the Kranjac, Plaintiff made a good faith attempt to resolve the dispute. Defendant's request did not go unanswered, on the contrary, Plaintiff sent multiple letters regarding the subject.

  On February 13, 2018, Plaintiff sent a letter to Kranjac's counsel regarding the audio files. Plaintiff attempted to resolve the dispute by allowing Kranjac's counsel to play all audio files to their client. This would have allowed the Kranjac's counsel to be fully informed of all details of the audio. There would be absolutely no bar to the ability of the Kranjac to listen to this tapes in the confines of the office of his attorney (a copy of this letter is attached).

The only stipulation that Plaintiff asked was that the copies of the audio files not be given to the Kranjac. As noted in our February 1, 2018 letter to Eric Harrison (counsel for Defendant McMorrow), the Confidentiality Order allows "Attorney's Eyes Only" designation to be placed on information which being released is likely to cause "significant harm" to a party (a copy of this letter is attached). At the time, it was clear that animosity existed by the parties and the audio files had the potential to be used as a political weapon to harm Chief Cioffi. Subsequent actions have only confirmed this belief.

As noted in our February 26, 2018 letter to Mr. Harrison, on February 15, 2018, the Bergen Record printed an article regarding the ongoing disputes between the party. In the article, Mayor Kranjac is quoted discussing the tapes and their contents attempting to cause "significant harm" to Chief Cioffi (a copy of this letter is attached). Further attempting to embarrass Chief Cioffi, on March 2, 2018, Mayor Kranjac put out a press release demanding an investigation into the tapes. He referred to them as "creepy" and took numerous demeaning shots at Chief Cioffi.

Further, Kranjac's accusation that Plaintiff's counsel "had not actually listened to all of the files" is patently incorrect. This office reviewed each and every one of the recordings and believed that the designation was necessary to protect Chief Cioffi. In our February 13, 2018 letter we agreed to consider a less restrictive designation to resolve the dispute. However, our concerns that Defendant would use seemingly innocuous audio files to harm Chief Cioffi has been borne out by Defendant's conduct in his discussion with the Bergen Record and subsequent press release. For that reason, Plaintiff can no longer consent to this previous proposal.

From these actions it is clear that Mr. Kranjac is attempting to obtain copies of these audio files for political purposes to cause "significant harm" to Chief Cioffi. This is precisely what the Confidentiality Order is designed to protect against. To assist his counsel, Defendant only needs to be able to listen to the files. His desire to obtain copies and disseminate them stems only from his desire to score political points.

As such, Plaintiff vehemently objects to the change in designation for any of the audio files produced in discovery.

Please contact me with any questions or comments.

Respectfully Yours<br>
s/Richard Malagiere/<br>
Richard Malagiere

Cc: Counsel of record via ECF

# FEBURARY 15, 2018
# ARTICLE FROM BERGEN RECORD

**Tax Pro Review.**
Have an expert review & file your online return.

# Englewood Cliffs appoints public safety director

Svetlana Shkolnikova, Staff Writer, @svetashko    Published 5:45 a.m. ET Feb. 15, 2018 | Updated 7:52 p.m. ET Feb. 15, 2018



(Photo: Carl Su/NorthJersey.com)

ENGLEWOOD CLIFFS — The borough council appointed a public safety director on Wednesday, putting a face on a controversial position that will oversee the police department.

Donald Ingrasselino, a retired Elmwood Park police chief, will work part time in an administrative role for $50,000 through the end of the year, according to a resolution narrowly approved by the Republican-led governing body.

"We think he's in a position to help us with a succession plan for the police chief and to address many of the issues that we've spoken about time after time," said Councilman William Woo, who helped interview five candidates for the job from more than 10 applicants. "We need someone who's from the inside, someone who understands the police department."

The vote, like all others concerning the position (/story/news/bergen/englewood-cliffs/2017/09/14/englewood-cliffs-creates-public-safety-directorwill-comment-monday-ofac-letter-their-fiscal-investig/661443001/), was split along party lines, with Democrats Gloria Oh, Ed Aversa and Ellen Park voting against the appointment and Republicans Carrol McMorrow, Mark Park and Woo voting in favor. Republican Mayor Mario Kranjac cast the tie-breaking vote.

Kranjac said Ingrasselino will assist the police department with non-operational matters, improve policies and help the borough select a new chief once Chief Michael Cioffi reaches mandatory retirement age next January.



Former Elmwood Park Police Chief Donald Ingrasselino. (Photo: Courtesy of the Elmwood Park Police Department)

"I will also task him with removing politics from the ECPD to restore bipartisan support for the ECPD," Kranjac wrote in a statement.

Aversa called the position a "$50,000 waste of taxpayer dollars." The Democrats have argued that the position is fiscally irresponsible and will insert a level of political interference into the department.

They complained Wednesday that they were not given Ingrasselino's résumé until 3:30 p.m., hours before they were set to vote on his appointment.

Englewood Cliffs has been mired for years in multiple lawsuits involving police officers suing one another, the borough, the council and the mayor. Kranjac previously stated his lack of confidence in Cioffi and has accused the police department of functioning as an extension of the prior Democratic-majority administration.

Cioffi filed his latest lawsuit against Kranjac (/story/news/bergen/englewood-cliffs/2017/12/14/englewood-cliffs-police-chief-sues-alleging-abuse-power-mayor-and-borough/931479001/), the council and the borough in December, accusing the mayor of overstepping his authority by ordering Cioffi on a year-long vacation before his retirement and threatening demotion after Cioffi refused to comply.

OPRA: Englewood Cliffs councilwoman prevails in OPRA lawsuit against borough (/story/news/bergen/englewood-cliffs/2018/01/09/englewood-cliffs-councilwoman-prevails-opra-lawsuit-against-borough/1017220001/)

Affordable Housing: Englewood Cliffs bolsters defense in affordable housing case (/story/news/bergen/englewood-cliffs/2018/01/18/englewood-cliffs-bolsters-defense-affordable-housing-case/1044643001/)

Join now for as low as
**99¢/week**

Subscribe Now (http://offers.northjersey.com/rjwon?gps-source=BEAZfeb&utm_medium=agilityzone&utm_exchange&utm_campaign=UWEB2017)

**Police:** Englewood Cliffs Republicans seek probe of police role in November election (/story/news/bergen/englewood-cliffs/2017/12/15/englewood-cliffs-republicans-seek-probe-police-role-november-election/955167001/)

Kranjac said Wednesday that proceedings in that lawsuit had uncovered more than 120 audio tapes allegedly recorded by Cioffi of conversations he had with borough employees, council members and the mayor. The recordings included toilet flushing sounds that prompted Kranjac on Wednesday to order an investigation.

"We are now on notice that recordings were made of toilets flushing by our chief of police and we need to take every necessary and appropriate step to ensure that the privacy of our employees and elected officials is safeguarded when they use borough bathrooms or toilets," Kranjac said.

Kranjac said he has not heard the recordings himself but found Cioffi's actions, "unsavory, wasteful of borough time and resources and kind of creepy."

*Email: shkolnikova@northjersey.com*

Read or Share this story: https://njersy.co/2o7VFga



# MARCH 2, 2018
# PRESS RELEASE FROM MAYOR KRANJAC

# 3/2/2018 - Message from Mayor Kranjac

Englewood Cliffs residents and employees have recently asked the Mayor about Police Chief Michael Cioffi taping conversations with employees and elected officials, and other sounds.

Mayor Mario Kranjac's Statement as Read at the February 14, 2018 Mayor and Council Public Meeting Regarding the Taping of Conversations and Sounds by Chief Michael Cioffi is as follows:

1. In a litigation in which our chief of police is suing the borough and others, his attorneys have produced over 120 audio tapes, which the Chief either made or had in his possession, of conversations between him and Borough employees, Borough Council Members, me -- the Mayor, himself and I believe others.

2. While I have not listened to these tapes because of litigation constraints that we are trying to remove, according to a letter sent to the court by my attorneys, included in these tapes are also sounds without conversation. These sounds include toilets or urinals (we're not sure which yet) flushing and air. We also do not know if the flushing is in a men's room or women's room.

3. It is unclear if the Chief made all these recordings while on duty, if he used borough equipment, where the recordings were made, if they were edited, and if other employees on or off duty assisted him?

4. I, as Mayor and as an individual, take the safety and privacy of all the Borough's employees as a very serious and paramount matter and one that goes to the very core of my administration. I expect all my department heads to do the same.

5. While we cannot now ascertain the answers to all the questions I raised, we are now on notice that recordings were made of toilets flushing by our chief of police and we need to take every necessary or appropriate step to ensure that the privacy of our employees and elected officials are safeguarded when they use borough restrooms. We do not know if the toilet flushing recording was that of a men's room or women's room or if the chief was present when the recordings were made or if they were made remotely.

6. Based on the foregoing, I am asking this Council to authorize a thorough investigation.

7. While I never record conversations and I am not pleased that the Chief is recording many of his conversations with all of us, that is something he has chosen to do as unsavory, wasteful of borough time and resources, and as creepy as it is. However, no one, including the Chief, is permitted to record people using borough restrooms.

8. I have always said that I am willing to work with anyone who is willing to work with me and clearly the Chief has not been willing to do so. I encourage the Chief to reflect on what he has done.

With all rights and further action reserved.

**Archives**

**FEBRUARY 1, 2018
LETTER FROM RICHARD MALAGIERE
TO ERIC HARRISON**

THE LAW OFFICES OF
# RICHARD MALAGIERE
A PROFESSIONAL CORPORATION
www.malagierelaw.com

| | | | |
|---|---|---|---|
| **Richard Malagiere**<br>*Member NJ & NY Bar*<br>*Registered Patent Attorney*<br><br>Matthew E. Gilson<br>*Member NJ Bar* | 250 MOONACHIE ROAD<br>SUITE 102<br>MOONACHIE, NJ 07074<br>201.440.0675<br>FAX: 201.440.1843 | 100 CHURCH STREET<br>SUITE 800<br>NEW YORK, NEW YORK 10007<br>212.879.5580<br>FAX: 212.879.5583 | *OF COUNSEL*<br>Lawrence D. Mandel<br>*Member NJ & PA Bar*<br>Leonard E. Seaman<br>*Member NJ Bar*<br>*Certified by the Supreme Court of New Jersey as a Civil Trial Attorney* |

*REPLY TO NJ OFFICE

Writer's Direct Dial: 201.509.4181
Writer's e-mail: rm@malagierelaw.com

February 1, 2018

**_VIA EMAIL (HARRISON@METHWERB.COM)_**
Eric Harrison, Esq.
Methfessel & Werbel, P.C.
2024 Lincoln Highway, Suite 200
Edison, NJ 08818

      Re:   Cioffi v. Borough of Englewood Cliffs, et al.
            Docket No.:   2:16-CV-04536-WJM-MF

Dear Mr. Harrison:

      As you know, this office represents the Plaintiff, Michael Cioffi ("Plaintiff" or "Chief Cioffi"), in connection with the above-referenced matter. I am in receipt of your letter dated January 26, 2018 objecting to our request to have certain audio tapes be designated "Attorney's Eyes Only" pursuant to the Discovery Confidentiality Order. Please be advised that we reject your request on behalf of the Plaintiff.

      Section 2 of the Confidentiality Order allows any party to this litigation to designate anything "Attorney's Eyes Only" which "[c]ontains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party". It is the opinion of Plaintiff and his counsel that the material referenced in your January 28, 2018 meets this standard.

      As per Section 8(a), Plaintiff is required to state its specific reasons for its position that the materials meet the standard. We believe that release of these tapes beyond the possession of the attorneys in this case would subject Chief Cioffi to potential harassment by your client and those aligned with her. As documented in the Second Amended Complaint, the animosity and harassment toward Chief Cioffi has only escalated since this matter began and there is no reason to believe that the conduct aimed at Chief Cioffi has come to an end. In our estimation, the designation is the only way to protect the interest of the Plaintiff.

1

Specifically, after the filing of the initial Complaint in July 2016, the Plaintiff was given two disciplinary violations as a result of the filing of the Complaint in December 2016. To our knowledge, nothing has changed to improve relationships between the parties.

Allowing your client to have copies of these materials would only increase the likelihood of further retaliatory action against Chief Cioffi and anyone heard or mentioned in the tapes. It would "[c]ause significant harm" to the Plaintiff should this occur.

As such, Plaintiff will not be changing its designation of the audio tapes in response to your January 26, 2018 letter. In order to facilitate an agreement between the parties, we are willing to allow your client (and all defendants for that matter) to review the tapes with you in your office, provided she is not provided digital or transcribed copies of the tapes which she is allowed to keep. This will allow you to achieve your goal of allowing your client to assist you in understanding the tapes, while also protecting the interest of my client from these tapes being used for other purposes outside the confines of this litigation.

Please feel free to contact me to discuss this matter at your convenience.

Very truly yours

RICHARD MALAGIERE

cc: client (via e-mail)

# FEBRUARY 13, 2018
# LETTER FROM RICHARD MALAGIERE
# TO JOSEPH TRIPODI AND ERIC HARRISON

Case 2:16-cv-04536-ES-MAH  Document 59  Filed 03/05/18  Page 13 of 17 PageID: 833

THE LAW OFFICES OF
# RICHARD MALAGIERE
A PROFESSIONAL CORPORATION
www.malagierelaw.com

**Richard Malagiere**
*Member NJ & NY Bar*
*Registered Patent Attorney*

**Matthew E. Gilson**
*Member NJ Bar*

250 MOONACHIE ROAD
SUITE 102
MOONACHIE, NJ 07074
201.440.0675
FAX: 201.440.1843

100 CHURCH STREET
SUITE 800
NEW YORK, NEW YORK 10007
212.879.5580
FAX: 212.879.5583

*OF COUNSEL*
**Lawrence D. Mandel**
*Member NJ & PA Bar*
**Leonard E. Seaman**
*Member NJ Bar*
*Certified by the Supreme Court of New Jersey as a Civil Trial Attorney*

**\*REPLY TO NJ OFFICE**

Writer's Direct Dial: 201.509.4181
Writer's e-mail: rm@malagierelaw.com

February 13, 2018

**_VIA EMAIL (HARRISON@METHWERB.COM)_**
Eric Harrison, Esq.
Methfessel & Werbel
2025 Lincoln Highway, Suite 200
Edison, NJ 08818

**_VIA EMAIL (JTRIPODI@KTPLLP.COM)_**
Joseph Tripodi, Esq.
Kranjac, Tripodi & Partners LLP
473 Sylvan Avenue
Englewood Cliffs, NJ 07632

      Re:   **Cioffi v. Borough of Englewood Cliffs, et al.**
            **Docket No.: 2:16-CV-04536-WJM-MF**

Dear Counsel:

      As you know, this office represents the Plaintiff, Michael Cioffi ("Plaintiff" or "Chief Cioffi"), in connection with the above-referenced matter. I am in receipt of Mr. Tripodi's letter dated February 5, 2018 objecting to our request to have certain audio tapes be designated "Attorney's Eyes Only" pursuant to the Discovery Confidentiality Order. I am also in receipt of Mr. Harrison's February 13, 2018 regarding various issues with discovery. Please be advised that we reject your requests as related to Attorney's Eyes Only designation on behalf of the Plaintiff. In this regard, we refer to my letter of February 1, 2018 which is attached.

      Notwithstanding, Mr. Tripodi does raise a valid issue in his letter regarding errant sounds in some of the recordings. In order to facilitate a resolution of this issue, we ask that both sides identify which recordings they believe do not warrant an "Attorney's Eyes Only" designation. Plaintiff is willing to remove the designation if these recordings do contain audio which is not sensitive and not consistent with the standard set forward above.

1

In order to facilitate an agreement between the parties, we are willing to allow your clients (and all defendants for that matter) to review the tapes with you in your office, provided they are not provided digital or transcribed copies of the tapes which they are allowed to keep. This will allow you to achieve your goal of allowing your client to assist you in understanding the tapes, while also protecting the interest of my client from these tapes being used for other purposes outside the confines of this litigation. While Mr. Harrison has already expressed resistance to this proposal, we hope that the elimination of some designation in accordance with Mr. Tripodi's concerns will make the designated matter more manageable.

Mr. Harrison has called to our attention that pages 267 through 286 of our Bates stamped documents are missing from our production. We have confirmed that no such documents exist in original files and that it is merely a Bates stamping error where document 266 is followed by document 287. We would also like to take this opportunity to remind Mr. Harrison that he so far has produced no documents in response to Plaintiff's discovery requests and demand is hereby made for production of Ms. McMorrow's documents.

Please feel free to contact me to discuss this matter at your convenience.

Very truly yours

RICHARD MALAGIERE

enc.
cc: client (via e-mail)

# FEBRUARY 26, 2018
# LETTER FROM RICHARD MALAGIERE
# TO ERIC HARRISON

THE LAW OFFICES OF
# RICHARD MALAGIERE
A PROFESSIONAL CORPORATION
www.malagierelaw.com

| | | | |
|---|---|---|---|
| **Richard Malagiere**<br>*Member NJ & NY Bar*<br>*Registered Patent Attorney*<br><br>**Matthew E. Gilson**<br>*Member NJ Bar* | 250 MOONACHIE ROAD<br>SUITE 102<br>MOONACHIE, NJ 07074<br>201.440.0675<br>FAX: 201.440.1843 | WHITE BUILDING<br>17 BATTERY PLACE, STE., 610<br>NEW YORK, NEW YORK 10004<br>212.879.5580<br>FAX: 212.879.5583 | *OF COUNSEL*<br>**Lawrence D. Mandel**<br>*Member NJ & PA Bar*<br>**Leonard E. Seaman**<br>*Member NJ Bar*<br>*Certified by the Supreme Court of*<br>*New Jersey as a Civil Trial Attorney* |

*REPLY TO NJ OFFICE

Writer's Direct Dial: 201.509.4181
Writer's e-mail: rm@malagierelaw.com

February 26, 2018

**_VIA EMAIL (HARRISON@METHWERB.COM)_**
Eric Harrison, Esq.
Methfessel & Werbel
2025 Lincoln Highway, Suite 200
Edison, NJ 08818

        **Re:   Cioffi v. Borough of Englewood Cliffs, et al.**
               **Docket No.:  2:16-CV-04536-WJM-MF**

Dear Mr. Harrison:

        As you know, this office represents the Plaintiff, Michael Cioffi ("Plaintiff" or "Chief Cioffi"), in connection with the above-referenced matter. We are in receipt of your February 23, 2018 letter and hereby respond to same. As noted in this letter and several of previous letters, your office is delinquent in providing Plaintiff with discovery - namely the production of documents. As such, Plaintiff is under no obligation to address any of your client's issues with our discovery responses while you client remains delinquent in the production of documents.

        Notwithstanding, Plaintiff rejects your client's request regarding the removal of the "Attorney's Eyes Only" designation from certain documents, namely the audio tapes produced by the Plaintiff. On the contrary, recent events have confirmed the necessity of Plaintiff's position in this regard.

        Specifically, an article appeared in the Bergen Record last week referencing the tapes. See the February 15, 2018 Bergen Record article attached hereto. The comments from other parties, though not your client specifically, criticized Chief Cioffi for making the recordings. The tapes have already become fodder for the media even with current level of confidentiality attached to them. It is clear that the Defendants in this case intend to use the tapes to embarrass Chief Cioffi.

1

As such, Plaintiff will be insisting upon "Attorney's Eyes Only" designation for all tapes which were produced. As per my February 13, 2018 letter to Mr. Tripodi, Plaintiff had previously agreed to consider removing the designation from some of the tapes. This was because some of the tapes may be innocuous; however, based on Mayor Kranjac's comments in the February 15, 2018 Bergen Record article, this offer is hereby revoked.

Please feel free to contact me to discuss this matter at your convenience.

Very truly yours,

RICHARD MALAGIERE

cc: client (via e-mail)
Joseph Tripodi, Esq. (via e-mail)
Domenick Carmagnola, Esq. (via email)

2