

**METHFESSEL & WERBEL**
— A Professional Corporation —

| | | |
|---|---|---|
| JOEL N. WERBEL> | **Counsel** | **Associates, Cont'd** |
| JOHN METHFESSEL, JR.+ | CHRISTIAN R. BAILLIE+ | ALLISON M. KOENKE> |
| FREDRIC PAUL GALLIN*+^ | JOSEPH D. CASTELLUCCI, JR.> | ALICIA C. LANGONE+ |
| STEPHEN R. KATZMAN# | PAUL J. ENDLER JR.> | VIVIAN LEKKAS+ |
| WILLIAM S. BLOOM>* | JAMES FOXEN^ | OLIVIA R. LICATA> |
| ERIC L. HARRISON*+ | GERALD KAPLAN> | ASHLEY E. MALANDRE^ |
| MATTHEW A. WERBEL> | JARED P. KINGSLEY*+ | JAMES V. MAZEWSKI+ |
| MARC DEMBLING*+ | JOHN R. KNODEL.*+ | DIAA J. MUSLEH+ |
| LORI BROWN STERNBACK*+ | LESLIE A. KOCH+ | RAINA M. PITTS^ |
| I. BLAKELEY JOHNSTONE,III+* | CHARLES T. MCCOOK, JR.*> | MATTHEW L. RACHMIEL> |
| GINA M. STANZIALE> | RICHARD A. NELKE~ | WILLIAM J. RADA+ |
| | STEVEN K. PARNESS+ | NABILA SAEED^ |
| **Of Counsel** | BRENT R. POHLMAN+ | JARED S. SCHURE> |
| JOHN METHFESSEL, SR.> | AMANDA J. SAWYER^ | BORIS SHAPIRO> |
| (1964-1995) | | STEVEN A. UNTERBURGER+ |
| DONALD L. CROWLEY*+ | **Associates** | LEVI E. UPDYKE+^ |
| ED THORNTON*> | SARAH K. DELAHANT+ | |
| | EDWARD D. DEMBLING> | * Certified by the Supreme Court of |
| | JASON D. DOMINGUEZ+ | New Jersey as a Civil Trial Attorney |
| | MICHAEL R. EATROFF> | +Member of NY & NJ Bar |
| | JENNIFER M. HERRMANN^= | ^Member of PA & NJ Bar |
| | FRANK J. KEENAN+^ | >Member of NJ Bar only |
| | |  Member of PA Bar only |
| | | #Member of NJ & LA. Bar |
| | | <Member of NJ & DC Bar |
| | | ≥Member of NJ, PA & DC Bar |
| | | ~Member of NY, NJ & DC Bar |
| | | =Member of FL Bar |

April 16, 2018

**Please reply to New Jersey**

<u>**VIA ECOURTS FILING**</u>
The Honorable Michael A. Hammer, U.S.M.J.
United States District Court - Newark
Martin Luther King Jr. Federal Building & U.S. Courthouse
50 Walnut Street, Courtroom MLK 4C
Newark, NJ 07101

RE: **CIOFFI, MICHAEL VS. BOROUGH OF ENGLEWOOD CLIFFS, ET AL.**
    Our File No.      :  85341 ELH
    Docket No.        :  2:16-CV-04536-ES-MAH

Dear Judge Hammer:

We represent Defendant Carrol McMorrow in this matter.  In furtherance of Mr. Tripodi's letter of today (document #71), we write to request a call or in person conference to address a discovery dispute regarding audio recordings produced by Plaintiff in this matter.

Enclosed please find previous correspondence relevant to this particular issue and outlining the history of our efforts to resolve it.  Simply put, there is no basis to designate the audios as "Attorneys' Eyes Only" or "Confidential" and it is Plaintiff's burden to prove otherwise.  At this juncture, it would be inequitable to prohibit Ms. McMorrow from reviewing the audios and would be an undue burden to require her to review them at our office.

The Court was to hold a status conference on March 27, 2018; however, in light of the change of assignment to Your Honor that status conference was canceled.  Therefore, we request that the Court reschedule the status conference so that we can address this issue.

In addition to the issues raised in Mr. Tripodi's letter and the enclosed correspondence, there is a separate discovery issue related to 12 of the audios produced by Plaintiff. Mr. Carmagnola, on behalf of the Borough, claimed that 12 of those audios were subject to the attorney-client privilege, that those audios could not be used in this litigation, and that all parties were to cease from reviewing the audios and should delete them. Because we believe that our client may have been present when those audios were recorded, that the audios could refer to her, and because she is the Council President and entitled to hear the audios, we wrote to Mr. Carmagnola to express our opinion that our client should be permitted to review those audios regardless of whether there was a privilege being asserted pertaining to this litigation.

Methfessel & Werbel, Esqs.
Our File No. 85341 ELH
Page 2

While we could not fully resolve the issue, Mr. Carmagnola has permitted our office to review those audios on an "Attorneys' Eyes Only" basis, which our office is in the process of doing. However, to the extent our client was either present or discussed on those audios and because she is the Council President – "the client" – she should be permitted to review those audios independent of whether they are deemed privileged for purposes of this litigation. This is especially true because obviously Plaintiff, who made the audios, has had opportunity to review them placing our client on an uneven playing field.

Lastly, we are still awaiting Plaintiff's Certifications for the discovery responses he previously served and which we have requested on numerous occasions.

Based on the foregoing, we request a phone conference with the Court to resolve these issues. We thank Your Honor for your attention to this matter.

> Respectfully submitted,
> **METHFESSEL & WERBEL, ESQS.**
>
> Eric L. Harrison
> harrison@methwerb.com
> Ext. 138

ELH:as/at
Enclosures: Previous Relevant Correspondences

cc: **VIA E-FILING TO ALL:**
Richard Malagiere , Esq.
Law Offices of Richard Malagiere
250 Moonachie Road, Suite 102
Moonachie, NJ 07074

Robert L. Galantucci, Esq.
Galantucci, Patuto, Devencentes, Potter & Doyle, LLC
55 State Street
Hackensack, NJ 07601

Joseph Tripodi, Esq.
Kranjac, Tripodi, & Partners LLP
473 Sylvan Avenue
Englewood Cliffs, NJ 07632

Domenick Carmagnola, Esq.
Carmagnola & Ritardi, LLC
60 Washington Street
Morristown, NJ 07060