THE LAW OFFICES OF
# RICHARD MALAGIERE
A PROFESSIONAL CORPORATION
www.malagierelaw.com

**Richard Malagiere**
*Member NJ & NY Bar*
*Registered Patent Attorney*

**Matthew E. Gilson**
*Member NJ Bar*

250 MOONACHIE ROAD
SUITE 102
MOONACHIE, NJ 07074
201.440.0675
FAX: 201.440.1843

WHITE BUILDING
17 BATTERY PLACE, STE., 610
NEW YORK, NEW YORK 10004
212.879.5580
FAX: 212.879.5583

*OF COUNSEL*
**Lawrence D. Mandel**
*Member NJ & PA Bar*
**Leonard E. Seaman**
*Member NJ Bar*
*Certified by the Supreme Court of*
*New Jersey as a Civil Trial Attorney*

**\*REPLY TO NJ OFFICE**

Writer's Direct Dial: 201.509.4181
Writer's e-mail: rm@malagierelaw.com

April 19, 2018

***VIA ECF***
Hon. Michael A. Hammer, U.S.M.J.
United States District Court
50 Walnut Street, Courtroom MLK 4C
Newark, NJ 07101

>        Re:    **Cioffi v. Borough of Englewood Cliffs, et al.**
>               **Docket No.:   2:16-CV-04536-ES-MAH**

Dear Judge Hammer:

As you know, this office represents the Plaintiff, Michael Cioffi ("Plaintiff" or "Chief Cioffi"), in connection with the above-referenced matter. We are in receipt of Mr. Harrison's April 16, 2018 letter (Docket #74) and hereby respond to same. As noted in our previous letters of March 5, 2018, March 27, 2018 and April 13, 2018 (see attached), we believe that the tapes must be designated "Attorney's Eyes Only" in order to protect Chief Cioffi. Further, the parties are scheduled to meet shortly to confer about this issue.

As to the issue of the privilege, for reasons outlined in our March 27, 2018 letter, we believe none of the tapes in question is privileged. Attorney-client privilege, while recognized by federal courts, is not absolute. When materials in question are "at issue" in the case, it removes any privilege. Rhone-Poulenc Rorer v. Home Indem. Co., 32 F.3d 851, 859 (3d Cir. 1994) (Allowing documents which directly were relevant to the issues of the case to be admitted over attorney-client privilege objections). Furthermore, when parties outside of the litigation control group are present, it is clear that no privilege exists. Westinghouse Elec. Corp. v. Republic of Phil., 951 F.2d 1414, 1420 (3d Cir. 1991). Further and most basically, if an attorney is not a party to the conversation, no privilege exists.

It is our opinion that the above exceptions apply to each and every one of the tapes referenced in Mr. Harrison's letter. Specifically, many of the conversations either do not involve an attorney or do not have content which involves legal advice. To the extent that some of these

tapes do have an attorney present, either the content fits under the "at issue" exception, or the privilege belongs to Chief Cioffi, not the borough. Please see our March 27, 2018 letter for the reasons that we believe none of the tapes are privileged.

However, we will continue to attempt to resolve these issue at the meet and confer scheduled for this afternoon. We also intend to provide the Certification requested by Mr. Harrison for discovery responses by the end of next week.

We thank Your Honor for his attention to this matter.

Very truly yours

RICHARD MALAGIERE

cc:     client                          (via ECF)
        Joseph Tripodi, Esq.            (via ECF)
        Domenick Carmagnola, Esq.  (via ECF)
        Eric Harrison, Esq.             (via ECF)

THE LAW OFFICES OF
# RICHARD MALAGIERE
A PROFESSIONAL CORPORATION
www.malagierelaw.com

| **Richard Malagiere** | 250 MOONACHIE ROAD | WHITE BUILDING | *OF COUNSEL* |
|---|---|---|---|
| *Member NJ & NY Bar* | SUITE 102 | 17 BATTERY PLACE, STE., 610 | **Lawrence D. Mandel** |
| *Registered Patent Attorney* | MOONACHIE, NJ 07074 | NEW YORK, NEW YORK 10004 | *Member NJ & PA Bar* |
| | 201.440.0675 | 212.879.5580 | **Leonard E. Seaman** |
| **Matthew E. Gilson** | FAX: 201.440.1843 | FAX: 212.879.5583 | *Member NJ Bar* |
| *Member NJ Bar* | | | *Certified by the Supreme Court of* |
| | | | *New Jersey as a Civil Trial Attorney* |

⁺REPLY TO NJ OFFICE

Writer's Direct Dial: 201.509.4181
Writer's e-mail: rm@malagierelaw.com

March 5, 2018

<u>Via ECF</u>
Hon. Mark Falk, U.S.M.J.
United States District Court
District of New Jersey
U.S. Post Office and Courthouse, Room 457
1 Federal Square Newark, New Jersey 07102

> Re: Cioffi v. Borough of Englewood Cliffs, et al.
> Civil Action No. 2:16-cv-04536-WJM-MF

Dear Magistrate Falk:

This office along with the Galantucci, Patuto, DeVencentes, Potter & Doyle, LLC law firm represents the plaintiff Chief Michael Cioffi ("Plaintiff" or "Chief Cioffi") in connection with the above-referenced matter. This letter is in response to Mr. Tripodi's March 2, 2018 letter to Your Honor regarding audio files produced by Plaintiff.

Defendant Mario Kranjac ("Kranjac") is seeking to remove the "Attorney's Eyes Only" designation from the audio files. As per the terms of the Confidentiality Order, Plaintiff strenuously objects. In contrast to the allegation of the Kranjac, Plaintiff made a good faith attempt to resolve the dispute. Defendant's request did not go unanswered, on the contrary, Plaintiff sent multiple letters regarding the subject.

On February 13, 2018, Plaintiff sent a letter to Kranjac's counsel regarding the audio files. Plaintiff attempted to resolve the dispute by allowing Kranjac's counsel to play all audio files to their client. This would have allowed the Kranjac's counsel to be fully informed of all details of the audio. There would be absolutely no bar to the ability of the Kranjac to listen to this tapes in the confines of the office of his attorney (a copy of this letter is attached).

The only stipulation that Plaintiff asked was that the copies of the audio files not be given to the Kranjac. As noted in our February 1, 2018 letter to Eric Harrison (counsel for Defendant McMorrow), the Confidentiality Order allows "Attorney's Eyes Only" designation to be placed on information which being released is likely to cause "significant harm" to a party (a copy of this letter is attached). At the time, it was clear that animosity existed by the parties and the audio files had the potential to be used as a political weapon to harm Chief Cioffi. Subsequent actions have only confirmed this belief.

As noted in our February 26, 2018 letter to Mr. Harrison, on February 15, 2018, the Bergen Record printed an article regarding the ongoing disputes between the party. In the article, Mayor Kranjac is quoted discussing the tapes and their contents attempting to cause "significant harm" to Chief Cioffi (a copy of this letter is attached). Further attempting to embarrass Chief Cioffi, on March 2, 2018, Mayor Kranjac put out a press release demanding an investigation into the tapes. He referred to them as "creepy" and took numerous demeaning shots at Chief Cioffi.

Further, Kranjac's accusation that Plaintiff's counsel "had not actually listened to all of the files" is patently incorrect. This office reviewed each and every one of the recordings and believed that the designation was necessary to protect Chief Cioffi. In our February 13, 2018 letter we agreed to consider a less restrictive designation to resolve the dispute. However, our concerns that Defendant would use seemingly innocuous audio files to harm Chief Cioffi has been borne out by Defendant's conduct in his discussion with the Bergen Record and subsequent press release. For that reason, Plaintiff can no longer consent to this previous proposal.

From these actions it is clear that Mr. Kranjac is attempting to obtain copies of these audio files for political purposes to cause "significant harm" to Chief Cioffi. This is precisely what the Confidentiality Order is designed to protect against. To assist his counsel, Defendant only needs to be able to listen to the files. His desire to obtain copies and disseminate them stems only from his desire to score political points.

As such, Plaintiff vehemently objects to the change in designation for any of the audio files produced in discovery.

Please contact me with any questions or comments.

<div style="text-align: right">

Respectfully Yours
s/Richard Malagiere/
Richard Malagiere

</div>

Cc: Counsel of record via ECF

# FEBURARY 15, 2018
# ARTICLE FROM BERGEN RECORD

**Tax Pro Review.**
Have an expert review & file your online return.

# Englewood Cliffs appoints public safety director

Svetlana Shkolnikova, Staff Writer, @svetashko    Published 5:45 a.m. ET Feb. 15, 2018 | Updated 7:52 p.m. ET Feb. 15, 2018



ENGLEWOOD CLIFFS — The borough council appointed a public safety director on Wednesday, putting a face on a controversial position that will oversee the police department.

Donald Ingrasselino, a retired Elmwood Park police chief, will work part time in an administrative role for $50,000 through the end of the year, according to a resolution narrowly approved by the Republican-led governing body.

(Photo: Carl Su/NorthJersey.com)

"We think he's in a position to help us with a succession plan for the police chief and to address many of the issues that we've spoken about time after time," said Councilman William Woo, who helped interview five candidates for the job from more than 10 applicants. "We need someone who's from the inside, someone who understands the police department."

The vote, like all others concerning the position (/story/news/bergen/englewood-cliffs/2017/09/14/englewood-cliffs-creates-public-safety-director-will-comment-monday-ofac-letter-their-fiscal-investig/661443001/), was split along party lines, with Democrats Gloria Oh, Ed Aversa and Ellen Park voting against the appointment and Republicans Carrol McMorrow, Mark Park and Woo voting in favor. Republican Mayor Mario Kranjac cast the tie-breaking vote.

Kranjac said Ingrasselino will assist the police department with non-operational matters, improve policies and help the borough select a new chief once Chief Michael Cioffi reaches mandatory retirement age next January.



"I will also task him with removing politics from the ECPD to restore bipartisan support for the ECPD," Kranjac wrote in a statement.

Aversa called the position a "$50,000 waste of taxpayer dollars." The Democrats have argued that the position is fiscally irresponsible and will insert a level of political interference into the department.

They complained Wednesday that they were not given Ingrasselino's résumé until 3:30 p.m., hours before they were set to vote on his appointment.

Englewood Cliffs has been mired for years in multiple lawsuits involving police officers suing one another, the borough, the council and the mayor. Kranjac previously stated his lack of confidence in Cioffi and has accused the police department of functioning as an extension of the prior Democratic-majority administration.

Former Elmwood Park Police Chief Donald Ingrasselino. (Photo: Courtesy of the Elmwood Park Police Department)

Cioffi filed his latest lawsuit against Kranjac (/story/news/bergen/englewood-cliffs/2017/12/14/englewood-cliffs-police-chief-sues-alleging-abuse-power-mayor-and-borough/931479001/), the council and the borough in December, accusing the mayor of overstepping his authority by ordering Cioffi on a year-long vacation before his retirement and threatening demotion after Cioffi refused to comply.

OPRA:  Englewood Cliffs councilwoman prevails in OPRA lawsuit against borough (/story/news/bergen/englewood-cliffs/2018/01/09/englewood-cliffs-councilwoman-prevails-opra-lawsuit-against-borough/1017220001/)

Affordable Housing:  Englewood Cliffs bolsters defense in affordable housing case (/story/news/bergen/englewood-cliffs/2018/01/18/englewood-cliffs-bolsters-defense-affordable-housing-case/1044643001/)

Join now for as low as
**99¢/week**

Subscribe Now
(http://offers.northjersey.com/rjwon?
gps-
source=BEAZfeb&utm_medium=agilityzone&utm
exchange&utm_campaign=UWEB2017)

Police: Englewood Cliffs Republicans seek probe of police role in November election (/story/news/bergen/englewood-cliffs/2017/12/15/englewood-cliffs-republicans-seek-probe-police-role-november-election/955167001/)

Kranjac said Wednesday that proceedings in that lawsuit had uncovered more than 120 audio tapes allegedly recorded by Cioffi of conversations he had with borough employees, council members and the mayor. The recordings included toilet flushing sounds that prompted Kranjac on Wednesday to order an investigation.

"We are now on notice that recordings were made of toilets flushing by our chief of police and we need to take every necessary and appropriate step to ensure that the privacy of our employees and elected officials is safeguarded when they use borough bathrooms or toilets," Kranjac said.

Kranjac said he has not heard the recordings himself but found Cioffi's actions, "unsavory, wasteful of borough time and resources and kind of creepy."

Email: shkolnikova@northjersey.com

Read or Share this story: https://njersy.co/2o7VFga



# MARCH 2, 2018
# PRESS RELEASE FROM MAYOR KRANJAC

3/5/2018                                         News Feed

# 3/2/2018 - Message from Mayor Kranjac

Englewood Cliffs residents and employees have recently asked the Mayor about Police Chief Michael Cioffi taping conversations with employees and elected officials, and other sounds.

Mayor Mario Kranjac's Statement as Read at the February 14, 2018 Mayor and Council Public Meeting Regarding the Taping of Conversations and Sounds by Chief Michael Cioffi is as follows:

1.       In a litigation in which our chief of police is suing the borough and others, his attorneys have produced over 120 audio tapes, which the Chief either made or had in his possession, of conversations between him and Borough employees, Borough Council Members, me -- the Mayor, himself and I believe others.

2.       While I have not listened to these tapes because of litigation constraints that we are trying to remove, according to a letter sent to the court by my attorneys, included in these tapes are also sounds without conversation.  These sounds include toilets or urinals (we're not sure which yet) flushing and air.  We also do not know if the flushing is in a men's room or women's room.

3.       It is unclear if the Chief made all these recordings while on duty, if he used borough equipment, where the recordings were made, if they were edited, and if other employees on or off duty assisted him?

4.       I, as Mayor and as an individual, take the safety and privacy of all the Borough's employees as a very serious and paramount matter and one that goes to the very core of my administration.  I expect all my department heads to do the same.

5.       While we cannot now ascertain the answers to all the questions I raised, we are now on notice that recordings were made of toilets flushing by our chief of police and we need to take every necessary or appropriate step to ensure that the privacy of our employees and elected officials are safeguarded when they use borough restrooms.  We do not know if the toilet flushing recording was that of a men's room or women's room or if the chief was present when the recordings were made or if they were made remotely.

6.       Based on the foregoing, I am asking this Council to authorize a thorough investigation.

7.       While I never record conversations and I am not pleased that the Chief is recording many of his conversations with all of us, that is something he has chosen to do as unsavory, wasteful of borough time and resources, and as creepy as it is.  However, no one, including the Chief, is permitted to record people using borough restrooms.

8.       I have always said that I am willing to work with anyone who is willing to work with me and clearly the Chief has not been willing to do so.  I encourage the Chief to reflect on what he has done.

3/5/2018                                          News Feed

With all rights and further action reserved.

**Archives**

# FEBRUARY 1, 2018
# LETTER FROM RICHARD MALAGIERE
# TO ERIC HARRISON

THE LAW OFFICES OF
# RICHARD MALAGIERE
A PROFESSIONAL CORPORATION
www.malagierelaw.com

| **Richard Malagiere**<br>*Member NJ & NY Bar*<br>*Registered Patent Attorney*<br><br>Matthew E. Gilson<br>*Member NJ Bar* | 250 MOONACHIE ROAD<br>SUITE 102<br>MOONACHIE, NJ 07074<br>201.440.0675<br>FAX: 201.440.1843 | 100 CHURCH STREET<br>SUITE 800<br>NEW YORK, NEW YORK 10007<br>212.879.5580<br>FAX: 212.879.5583 | *OF COUNSEL*<br>Lawrence D. Mandel<br>*Member NJ & PA Bar*<br>Leonard E. Seaman<br>*Member NJ Bar*<br>*Certified by the Supreme Court of*<br>*New Jersey as a Civil Trial Attorney* |

*REPLY TO NJ OFFICE

Writer's Direct Dial: 201.509.4181
Writer's e-mail: rm@malagierelaw.com

February 1, 2018

***VIA EMAIL (HARRISON@METHWERB.COM)***
Eric Harrison, Esq.
Methfessel & Werbel, P.C.
2024 Lincoln Highway, Suite 200
Edison, NJ 08818

> Re:   *Cioffi v. Borough of Englewood Cliffs, et al.*
>        Docket No.:   2:16-CV-04536-WJM-MF

Dear Mr. Harrison:

As you know, this office represents the Plaintiff, Michael Cioffi ("Plaintiff" or "Chief Cioffi"), in connection with the above-referenced matter. I am in receipt of your letter dated January 26, 2018 objecting to our request to have certain audio tapes be designated "Attorney's Eyes Only" pursuant to the Discovery Confidentiality Order. Please be advised that we reject your request on behalf of the Plaintiff.

Section 2 of the Confidentiality Order allows any party to this litigation to designate anything "Attorney's Eyes Only" which "[c]ontains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party". It is the opinion of Plaintiff and his counsel that the material referenced in your January 28, 2018 meets this standard.

As per Section 8(a), Plaintiff is required to state its specific reasons for its position that the materials meet the standard. We believe that release of these tapes beyond the possession of the attorneys in this case would subject Chief Cioffi to potential harassment by your client and those aligned with her. As documented in the Second Amended Complaint, the animosity and harassment toward Chief Cioffi has only escalated since this matter began and there is no reason to believe that the conduct aimed at Chief Cioffi has come to an end.  In our estimation, the designation is the only way to protect the interest of the Plaintiff.

1

Specifically, after the filing of the initial Complaint in July 2016, the Plaintiff was given two disciplinary violations as a result of the filing of the Complaint in December 2016. To our knowledge, nothing has changed to improve relationships between the parties.

Allowing your client to have copies of these materials would only increase the likelihood of further retaliatory action against Chief Cioffi and anyone heard or mentioned in the tapes. It would "[c]ause significant harm" to the Plaintiff should this occur.

As such, Plaintiff will not be changing its designation of the audio tapes in response to your January 26, 2018 letter. In order to facilitate an agreement between the parties, we are willing to allow your client (and all defendants for that matter) to review the tapes with you in your office, provided she is not provided digital or transcribed copies of the tapes which she is allowed to keep. This will allow you to achieve your goal of allowing your client to assist you in understanding the tapes, while also protecting the interest of my client from these tapes being used for other purposes outside the confines of this litigation.

Please feel free to contact me to discuss this matter at your convenience.

Very truly yours

RICHARD MALAGIERE

cc: client (via e-mail)

# FEBRUARY 13, 2018
# LETTER FROM RICHARD MALAGIERE
# TO JOSEPH TRIPODI AND ERIC HARRISON

THE LAW OFFICES OF
# RICHARD MALAGIERE
A PROFESSIONAL CORPORATION
www.malagierelaw.com

**Richard Malagiere**
*Member NJ & NY Bar*
*Registered Patent Attorney*

**Matthew E. Gilson**
*Member NJ Bar*

250 MOONACHIE ROAD
SUITE 102
MOONACHIE, NJ 07074
201.440.0675
FAX: 201.440.1843

100 CHURCH STREET
SUITE 800
NEW YORK, NEW YORK 10007
212.879.5580
FAX: 212.879.5583

*OF COUNSEL*
**Lawrence D. Mandel**
*Member NJ & PA Bar*
**Leonard E. Seaman**
*Member NJ Bar*
*Certified by the Supreme Court of*
*New Jersey as a Civil Trial Attorney*

*REPLY TO NJ OFFICE

Writer's Direct Dial: 201.509.4181
Writer's e-mail: rm@malagierelaw.com

February 13, 2018

***VIA EMAIL (HARRISON@METHWERB.COM)***
Eric Harrison, Esq.
Methfessel & Werbel
2025 Lincoln Highway, Suite 200
Edison, NJ 08818

***VIA EMAIL (JTRIPODI@KTPLLP.COM)***
Joseph Tripodi, Esq.
Kranjac, Tripodi & Partners LLP
473 Sylvan Avenue
Englewood Cliffs, NJ 07632

> Re:  **Cioffi v. Borough of Englewood Cliffs, et al.**
>       **Docket No.:   2:16-CV-04536-WJM-MF**

Dear Counsel:

As you know, this office represents the Plaintiff, Michael Cioffi ("Plaintiff" or "Chief Cioffi"), in connection with the above-referenced matter. I am in receipt of Mr. Tripodi's letter dated February 5, 2018 objecting to our request to have certain audio tapes be designated "Attorney's Eyes Only" pursuant to the Discovery Confidentiality Order. I am also in receipt of Mr. Harrison's February 13, 2018 regarding various issues with discovery. Please be advised that we reject your requests as related to Attorney's Eyes Only designation on behalf of the Plaintiff. In this regard, we refer to my letter of February 1, 2018 which is attached.

Notwithstanding, Mr. Tripodi does raise a valid issue in his letter regarding errant sounds in some of the recordings. In order to facilitate a resolution of this issue, we ask that both sides identify which recordings they believe do not warrant an "Attorney's Eyes Only" designation. Plaintiff is willing to remove the designation if these recordings do contain audio which is not sensitive and not consistent with the standard set forward above.

1

In order to facilitate an agreement between the parties, we are willing to allow your clients (and all defendants for that matter) to review the tapes with you in your office, provided they are not provided digital or transcribed copies of the tapes which they are allowed to keep. This will allow you to achieve your goal of allowing your client to assist you in understanding the tapes, while also protecting the interest of my client from these tapes being used for other purposes outside the confines of this litigation. While Mr. Harrison has already expressed resistance to this proposal, we hope that the elimination of some designation in accordance with Mr. Tripodi's concerns will make the designated matter more manageable.

Mr. Harrison has called to our attention that pages 267 through 286 of our Bates stamped documents are missing from our production. We have confirmed that no such documents exist in original files and that it is merely a Bates stamping error where document 266 is followed by document 287. We would also like to take this opportunity to remind Mr. Harrison that he so far has produced no documents in response to Plaintiff's discovery requests and demand is hereby made for production of Ms. McMorrow's documents.

Please feel free to contact me to discuss this matter at your convenience.

Very truly yours

RICHARD MALAGIERE

enc.
cc: client (via e-mail)

**FEBRUARY 26, 2018
LETTER FROM RICHARD MALAGIERE
TO ERIC HARRISON**

THE LAW OFFICES OF
# RICHARD MALAGIERE
A PROFESSIONAL CORPORATION
www.malagierelaw.com

**Richard Malagiere**
*Member NJ & NY Bar*
*Registered Patent Attorney*

**Matthew E. Gilson**
*Member NJ Bar*

250 MOONACHIE ROAD
SUITE 102
MOONACHIE, NJ 07074
201.440.0675
FAX: 201.440.1843

WHITE BUILDING
17 BATTERY PLACE, STE., 610
NEW YORK, NEW YORK 10004
212.879.5580
FAX: 212.879.5583

*OF COUNSEL*
**Lawrence D. Mandel**
*Member NJ & PA Bar*
**Lennard E. Seaman**
*Member NJ Bar*
*Certified by the Supreme Court of*
*New Jersey as a Civil Trial Attorney*

\*REPLY TO NJ OFFICE

Writer's Direct Dial: 201.509.4181
Writer's e-mail: rm@malagierelaw.com

February 26, 2018

***VIA EMAIL (HARRISON@METHWERB.COM)***
Eric Harrison, Esq.
Methfessel & Werbel
2025 Lincoln Highway, Suite 200
Edison, NJ 08818

Re:  **Cioffi v. Borough of Englewood Cliffs, et al.**
     **Docket No.:  2:16-CV-04536-WJM-MF**

Dear Mr. Harrison:

As you know, this office represents the Plaintiff, Michael Cioffi ("Plaintiff" or "Chief Cioffi"), in connection with the above-referenced matter. We are in receipt of your February 23, 2018 letter and hereby respond to same. As noted in this letter and several of previous letters, your office is delinquent in providing Plaintiff with discovery - namely the production of documents. As such, Plaintiff is under no obligation to address any of your client's issues with our discovery responses while you client remains delinquent in the production of documents.

Notwithstanding, Plaintiff rejects your client's request regarding the removal of the "Attorney's Eyes Only" designation from certain documents, namely the audio tapes produced by the Plaintiff. On the contrary, recent events have confirmed the necessity of Plaintiff's position in this regard.

Specifically, an article appeared in the Bergen Record last week referencing the tapes. See the February 15, 2018 Bergen Record article attached hereto. The comments from other parties, though not your client specifically, criticized Chief Cioffi for making the recordings. The tapes have already become fodder for the media even with current level of confidentiality attached to them. It is clear that the Defendants in this case intend to use the tapes to embarrass Chief Cioffi.

1

As such, Plaintiff will be insisting upon "Attorney's Eyes Only" designation for all tapes which were produced. As per my February 13, 2018 letter to Mr. Tripodi, Plaintiff had previously agreed to consider removing the designation from some of the tapes. This was because some of the tapes may be innocuous; however, based on Mayor Kranjac's comments in the February 15, 2018 Bergen Record article, this offer is hereby revoked.

Please feel free to contact me to discuss this matter at your convenience.

Very truly yours

RICHARD MALAGIERE

cc:     client                          (via e-mail)
        Joseph Tripodi, Esq.            (via e-mail)
        Domenick Carmagnola, Esq.  (via email)

2

THE LAW OFFICES OF
# RICHARD MALAGIERE
A PROFESSIONAL CORPORATION
www.malagierelaw.com

| | | | |
|---|---|---|---|
| **Richard Malagiere**<br>*Member NJ & NY Bar*<br>*Registered Patent Attorney*<br><br>**Matthew E. Gilson**<br>*Member NJ Bar* | 250 MOONACHIE ROAD<br>SUITE 102<br>MOONACHIE, NJ 07074<br>201.440.0675<br>FAX: 201.440.1843 | WHITE BUILDING<br>17 BATTERY PLACE, STE., 610<br>NEW YORK, NEW YORK 10004<br>212.879.5580<br>FAX: 212.879.5583 | *OF COUNSEL*<br>Lawrence D. Mandel<br>*Member NJ & PA Bar*<br>Leonard E. Seaman<br>*Member NJ Bar*<br>*Certified by the Supreme Court of<br>New Jersey as a Civil Trial Attorney* |

**\*REPLY TO NJ OFFICE**

March 27, 2018

***VIA EMAIL (dcarmagnola@cr-law.net)***
Domenick Carmagnola, Esq.
Carmagnola & Ritardi, LLC
60 Washington Street
Morristown, NJ 07960

      Re:    Cioffi v. Borough of Englewood Cliffs, et al.
             Docket No.:  2:16-CV-04536-WJM-MF

Dear Mr. Carmagnola:

As you know, this office represents the Plaintiff, Michael Cioffi, in connection with the above-referenced matter. The purpose of this letter is to respond to your March 12, 2018 letter regarding the audio files produced by Plaintiff and designated "Attorney's Eyes Only". After reviewing the tapes highlighted in your letter, this office does not believe that any of the tapes mentioned are privileged.

Attorney-client privilege, while recognized by federal courts, is not absolute. When materials in question are "at issue" in the case, it removes any privilege. Rhone-Poulenc Rorer v. Home Indem. Co., 32 F.3d 851, 859 (3d Cir. 1994) (Allowing documents which directly were relevant to the issues of the case to be admitted over attorney-client privilege objections). Furthermore, when parties outside of the litigation control group are present, it is clear that no privilege exists. Westinghouse Elec. Corp. v. Republic of Phil., 951 F.2d 1414, 1420 (3d Cir. 1991). Further and most basically, if an attorney is not a party to the conversation, no privilege exists.

It is our opinion that the above exceptions apply to each and every one of the tapes referenced in your letter. Specifically, many of the conversations either do not involve an attorney or do not have content which involves legal advice. To the extent that some of these tapes do have an attorney present, either the content fits under the "at issue" exception, or the privilege belongs to Chief Cioffi not the borough. As for specific objections please see the following:

**BRENT_LAUREN**
This is a discussion between Chief Cioffi and Brent Pohlman, an attorney for the Borough of Englewood Cliffs. However, the discussion centers on picking up documents from him and what

1

day is convenient. As such, the conversation is innocuous and immaterial and certainly does not involve any privileged attorney-client communications.

**DM620039**
This is a conversation between Chief Cioffi and Lisette Duffy, the borough clerk. While issues potentially relevant to this lawsuit are discussed, Ms. Duffy is not an attorney. As such, discussions between Chief Cioffi and Ms. Duffy do not fall under the attorney-client privilege.

**DM620059**
This is a meeting with Chief Cioffi and members of the governing body. While the Borough Attorney is present, the content of this conversation falls under the "at issue" exception. The treatment of Chief Cioffi by the Borough Attorney shows a furtherance of the retaliation set forth in the complaint by one of the instrumentalities of defendants – Mr. Pohlman. Specifically, at one point, Chief Cioffi is asked by Mr. Pohlman, "Are you connected to reality?" (18:04). The statements made during this conversation speak directly to the factual allegations framed out in Plaintiff's complaint. As such, this audio file falls under the "at issue" exception to the attorney-client privilege.

**DM620060**
This conversation is Chief Cioffi speaking with an unidentified woman. Nothing in the conversation suggests that the woman is an attorney. However, even if she was determined to be an attorney and acting on behalf of the borough, there is nothing in the conversation which suggests any materiality to the issues framed in the instant matter.

**DM620067**
This conversation is Chief Cioffi nearly inaudible for one minute.

**DM620070**
This is a meeting between Chief Cioffi and members of the governing body regarding police procedures. There does not seem to be an attorney present at any point in the conversation. However, even if it is determined there is an attorney present and acting on behalf of the borough, there is nothing in the conversation which suggests any materiality to the issues framed in the instant matter.

**DM620078**
This is a recording of Chief Cioffi mostly at his home and not speaking to an attorneys.

**DM620110 and DM620114**
These are phone conversations between Chief Cioffi and Anne Marie Rizzuto, an attorney for the Borough. While they are discussing lawsuits and other things of a legal nature, the Chief's discussions of these concerns are "at issue" in the case. Chief Cioffi discusses his distrust of the members of the governing body, their treatment of him, and how Ms. Rizzuto is the only person affiliated with the borough that he trusts. As such, the "at issue" exception applies and therefore the conversations are not privileged.

2

**DM620116**
This is a phone conservation between Chief Cioffi and Mark Ruderman, Esq., labor counsel for the borough. While there discussions are legal in nature and Chief Cioffi specifically speaks about privilege (at 5:30), an exception applies. Mr. Ruderman describes how he brought charges against Chief Cioffi on the request of the members of the governing body. He says he did not draft the charges he was "handed them" and told "prosecute this" by the mayor and council. This makes the contents "at issue" in the matter and not subject to privilege.

**LISETTE_CAROL**
This is a conversation between Chief Cioffi and Lisette Duffy. Ms. Duffy is the Borough Clerk and not an attorney. As such, no attorney-client privilege exists.

Furthermore, assuming the incorrect position that any of these audio files are privileged[1], providing them is not a breach of the privilege. A corporation or public entity can be a client that is entitled to privilege. Upjohn Co. v. United States, 449 U.S. 383, 390 (1981). The privilege extends to agents of the municipality including members of the governing body. Reed v. Baxter, 134 F.3d 351, 357 (6th Cir. 1998). In this matter, the Borough of Englewood Cliffs and its agents would be the holder of the privilege. The only parties to which the Plaintiff produced documents were the Borough of Englewood Cliffs and the members of the governing body acting as its agents through their respective counsel. Therefore, Plaintiff would have only produced these files to the holder of the privilege.

If this is the position which the Borough takes, it only further necessitates the "Attorney's Eyes Only" designation of the files. If Plaintiff had not designated the documents as such, it is unimaginable where this "privileged" information may have be disseminated. At present, no issue exists with revealing purportedly privileged material to the party holding the privilege.

Please feel free to contact me to discuss this matter at your convenience.

Very truly yours

RICHARD MALAGIERE

cc:    client                    (via e-mail)
       Joseph Tripodi, Esq.   (via e-mail)
       Eric Harrison, Esq.    (via e-mail)

[1] Plaintiff does not believe that any of the tapes are privileged for reasons stated in this letter and assumes this position only for purposes of illustrating why the tapes being privileged would not be an issue.

3

THE LAW OFFICES OF
## RICHARD MALAGIERE
A PROFESSIONAL CORPORATION
www.malagierelaw.com

| **Richard Malagiere**<br>*Member NJ & NY Bar*<br>*Registered Patent Attorney*<br>━━━━━━━━━━<br>Matthew E. Gilson<br>*Member NJ Bar* | 250 MOONACHIE ROAD<br>SUITE 102<br>MOONACHIE, NJ 07074<br>201.440.0675<br>FAX: 201.440.1843 | WHITE BUILDING<br>17 BATTERY PLACE, STE., 610<br>NEW YORK, NEW YORK 10004<br>212.879.5580<br>FAX: 212.879.5583 | *OF COUNSEL*<br>Lawrence D. Mandel<br>*Member NJ & PA Bar*<br>Leonard E. Seaman<br>*Member NJ Bar*<br>*Certified by the Supreme Court of*<br>*New Jersey as a Civil Trial Attorney* |
|---|---|---|---|

**\*REPLY TO NJ OFFICE**

Writer's Direct Dial: 201.509.4181
Writer's e-mail: rm@malagierelaw.com

April 13, 2018

Via ECF
Hon. Michael A. Hammer, USMJ
United States District Court
District of New Jersey
Martin Luther King Building
50 Walnut Street
Newark, NJ 07101

<div align="center">

Re: <u>**Cioffi v. Borough of Englewood Cliffs, et al.**</u>
**Civil Action No. 2:16-cv-04536-WJM-MF**

</div>

Dear Magistrate Hammer:

   This office along with the Galantucci, Patuto, DeVencentes, Potter & Doyle, LLC law firm represents the plaintiff Chief Michael Cioffi ("Plaintiff" or "Chief Cioffi") in connection with the above-referenced matter. This letter is in response to Mr. Tripodi's April 12, 2018 letter requesting Your Honor require Plaintiff to produce some sort of list to the Defendant characterizing the content of the audio files produced.

   Mr. Tripodi has incorrectly characterized the response of the Plaintiff. He states in his April 12, 2018 letter that Plaintiff has "failed to meet (the) burden" regarding its designation of the audio files as "Attorney's Eyes Only". On the contrary, Plaintiff has on multiple occasions stated why he believes these tapes meet the burden.

   The Confidentiality Order, as noted in both parties letters, is to prevent harm and harassment to a party. Plaintiff has cited numerous specific examples of Defendants in this case already using these tapes as political weapons to harm Chief Cioffi's reputation.

   In addition to the article in the Bergen Record referenced in previous letters (attached hereto), Mayor Kranjac put out a press release seeking an investigation into the tapes. He called them "creepy" and aimed to cause harm to Chief Cioffi's reputation with this release. Even with

the protective designation which is on the tapes now, they are still causing harm. It is nearly unfathomable to think what will happen if the designation is removed.

While Plaintiff had previously noted in his February 13, 2018 (attached) letter that he may be willing to remove the designation on some documents, the above actions made it clear this was not possible. In fact, the seemingly innocuous audio files Plaintiff was willing to consider releasing from the Confidential designation were the ones Defendant Kranjac began weaponizing. Clearly, Defendant Kranjac considers all of the tapes ripe fodder for embarrassing Chief Cioffi.

Mayor Kranjac has gone as far as submitting an Open Public Records Act ("OPRA") request for the same tapes designated as "Attorney's Eyes Only" by the Confidentiality Order. Mayor Kranjac and the other Defendants apparently will stop at nothing in their vendetta against Chief Cioffi - the subject of this lawsuit.

Defendants are free to discuss the audio files and review them with their clients. As such, the only purpose of lifting the "Attorney's Eyes Only" designation is to allow the Defendants to use the tapes to publically shame Chief Cioffi.

Mr. Tripodi continues to insist the parties have not met to discuss this matter. On the contrary, as demonstrated in this letter, numerous correspondence has been exchanged on the matter. Furthermore, there have been several conferences with Judge Falk. Mr. Tripodi simply does not like the answers he has been getting and his client (Mayor Kranjac) continues to seek to be able to use these tapes to cause further harm to Chief Cioffi.

Just this week, Mayor Kranjac sought to disseminate emails sent by the Chief from the dais in an attempt to embarrass him. It is clear that the conduct which makes this Confidentiality Order necessary only continues to escalate. That is why Plaintiff has marked all tapes as "Attorney's Eyes Only". There is no bar that prevents Defendant from adequately using these tapes in this action, only their ability to use them to embarrass Chief Cioffi.

As such, Plaintiff is not willing to change its designation.

Please contact me with any questions or comments.

Respectfully Yours
s/Richard Malagiere/
Richard Malagiere

Cc: Counsel of record via ECF

THE LAW OFFICES OF
# RICHARD MALAGIERE
A PROFESSIONAL CORPORATION
www.malagierelaw.com

| | | | |
|---|---|---|---|
| **Richard Malagiere**<br>*Member NJ & NY Bar*<br>*Registered Patent Attorney*<br><br>**Matthew E. Gilson**<br>*Member NJ Bar* | 250 MOONACHIE ROAD<br>SUITE 102<br>MOONACHIE, NJ 07074<br>201.440.0675<br>FAX: 201.440.1843 | WHITE BUILDING<br>17 BATTERY PLACE, STE., 610<br>NEW YORK, NEW YORK 10004<br>212.879.5580<br>FAX: 212.879.5583 | *OF COUNSEL*<br>Lawrence D. Maudel<br>*Member NJ & PA Bar*<br>Leonard E. Seaman<br>*Member NJ Bar*<br>*Certified by the Supreme Court of*<br>*New Jersey as a Civil Trial Attorney* |

**\*REPLY TO NJ OFFICE**

Writer's Direct Dial: 201.509.4181
Writer's e-mail: rm@malagierelaw.com

March 12, 2018

<u>Via ECF</u>
Hon. Mark Falk, U.S.M.J.
United States District Court
District of New Jersey
U.S. Post Office and Courthouse, Room 457
1 Federal Square Newark, New Jersey 07102

Re: Cioffi v. Borough of Englewood Cliffs, et al.
Civil Action No. 2:16-cv-04536-WJM-MF

Dear Magistrate Falk:

This office along with the Galantucci, Patuto, DeVencentes, Potter & Doyle, LLC law firm represents the plaintiff Chief Michael Cioffi ("Plaintiff" or "Chief Cioffi") in connection with the above-referenced matter. This letter is in response to Mr. Harrison's March 8, 2018 requesting a conference to discuss a discovery dispute.

As noted in Mr. Harrison's letter, parties have made several attempts to resolve the dispute in question. The dispute is over Plaintiff's designation of a series of audio files as "Attorney's Eyes Only" under the Confidentiality Order. On February 1, 2018, Plaintiff responded to Mr. Harrison's letter raising this issue. In the February 1, 2018 letter, Plaintiff stated that due to previous animosity between the parties, the likelihood was that if these tapes were not designated "Attorney's Eyes Only" they would be used to harm Chief Cioffi. This was a well-founded believe.

Mr. Harrison has incorrectly characterized the response of the Plaintiff. He states in his March 8, 2018 letter that Plaintiff has "failed to meet (the) burden" regarding its designation of the audio files as "Attorney's Eyes Only". On the contrary, Plaintiff has on multiple occasions stated why he believes these tapes meet the burden.

The Confidentiality Order, as noted in both parties letters, is to prevent harm and harassment to a party. Mr. Harrison states that Plaintiff has done this with "no basis" which patently false. Plaintiff has cited numerous specific examples of Defendants in this case using these tapes as political weapons to harm Chief Cioffi's reputation.

In addition to the article in the Bergen Record referenced in previous letters (attached hereto), Mayor Kranjac put out a press release seeking an investigation into the tapes. He called them "creepy" and aimed to cause harm to Chief Cioffi's reputation with this release. Even with the protective designation which is on the tapes now, they are still causing harm. It is nearly unfathomable to think what will happen if the designation is removed.

While Plaintiff had previously noted in his February 13, 2018 (attached) letter that he may be willing to remove the designation on some documents, the above actions made it clear this was not possible. In fact, the seemingly innocuous audio files Plaintiff was willing to consider releasing from the Confidential designation were the ones Defendant Kranjac began weaponizing. Clearly, Defendant Kranjac considers all of the tapes ripe fodder for embarrassing Chief Cioffi.

Contrary to Mr. Harrison's letter, Plaintiff does not take the "significant harm" language out of context in his March 5, 2018 letter (attached). Attempts to destroy the professional reputation of a thirty plus year law enforcement officer does constitute "significant harm". It is clear that Mayor Kranjac directly and the other Defendants by association in participating in his Mayor and Council "investigation" into the tapes are intending to use them to force Chief Cioffi out of his position.

Mayor Kranjac has gone as far as submitting an Open Public Records Act ("OPRA") request for the same tapes designated as "Attorney's Eyes Only" by the Confidentiality Order. Mayor Kranjac and the other Defendants apparently will stop at nothing in their vendetta against Chief Cioffi - the subject of this lawsuit.

Defendants are free to discuss the audio files and review them with their clients. As such, the only purpose of lifting the "Attorney's Eyes Only" designation is to allow the Defendants to use the tapes to publically shame Chief Cioffi.

Please contact me with any questions or comments.

Respectfully Yours
s/Richard Malagiere/
Richard Malagiere

Cc: Counsel of record via ECF

# March 5, 2018 Letter
# Richard Malagiere to Judge Falk

THE LAW OFFICES OF
# RICHARD MALAGIERE
A PROFESSIONAL CORPORATION
www.malagierelaw.com

**Richard Malagiere**
*Member NJ & NY Bar*
*Registered Patent Attorney*

**Matthew E. Gibson**
*Member NJ Bar*

250 MOONACHIE ROAD
SUITE 102
MOONACHIE, NJ 07074
201.440.0675
FAX: 201.440.1843

WHITE BUILDING
17 BATTERY PLACE, STE., 610
NEW YORK, NEW YORK 10004
212.879.5580
FAX: 212.879.5583

*OF COUNSEL*
Lawrence D. Mandel
*Member NJ & PA Bar*
Leonard E. Seaman
*Member NJ Bar*
*Certified by the Supreme Court of*
*New Jersey as a Civil Trial Attorney*

\*REPLY TO NJ OFFICE

Writer's Direct Dial: 201.309.4181
Writer's e-mail: rns@malagierelaw.com

March 5, 2018

Via ECF
Hon. Mark Falk, U.S.M.J.
United States District Court
District of New Jersey
U.S. Post Office and Courthouse, Room 457
1 Federal Square Newark, New Jersey 07102

> Re: Cioffi v. Borough of Englewood Cliffs, et al.
>      Civil Action No. 2:16-cv-04536-WJM-MF

Dear Magistrate Falk:

This office along with the Galantucci, Patuto, DeVencentes, Potter & Doyle, LLC law firm represents the plaintiff Chief Michael Cioffi ("Plaintiff" or "Chief Cioffi") in connection with the above-referenced matter. This letter is in response to Mr. Tripodi's March 2, 2018 letter to Your Honor regarding audio files produced by Plaintiff.

Defendant Mario Kranjac ("Kranjac") is seeking to remove the "Attorney's Eyes Only" designation from the audio files. As per the terms of the Confidentiality Order, Plaintiff strenuously objects. In contrast to the allegation of the Kranjac, Plaintiff made a good faith attempt to resolve the dispute. Defendant's request did not go unanswered, on the contrary, Plaintiff sent multiple letters regarding the subject.

On February 13, 2018, Plaintiff sent a letter to Kranjac's counsel regarding the audio files. Plaintiff attempted to resolve the dispute by allowing Kranjac's counsel to play all audio files to their client. This would have allowed the Kranjac's counsel to be fully informed of all details of the audio. There would be absolutely no bar to the ability of the Kranjac to listen to this tapes in the confines of the office of his attorney (a copy of this letter is attached).

The only stipulation that Plaintiff asked was that the copies of the audio files not be given to the Kranjac. As noted in our February 1, 2018 letter to Eric Harrison (counsel for Defendant McMorrow), the Confidentiality Order allows "Attorney's Eyes Only" designation to be placed on information which being released is likely to cause "significant harm" to a party (a copy of this letter is attached). At the time, it was clear that animosity existed by the parties and the audio files had the potential to be used as a political weapon to harm Chief Cioffi. Subsequent actions have only confirmed this belief.

As noted in our February 26, 2018 letter to Mr. Harrison, on February 15, 2018, the Bergen Record printed an article regarding the ongoing disputes between the party. In the article, Mayor Kranjac is quoted discussing the tapes and their contents attempting to cause "significant harm" to Chief Cioffi (a copy of this letter is attached). Further attempting to embarrass Chief Cioffi, on March 2, 2018, Mayor Kranjac put out a press release demanding an investigation into the tapes. He referred to them as "creepy" and took numerous demeaning shots at Chief Cioffi.

Further, Kranjac's accusation that Plaintiff's counsel "had not actually listened to all of the files" is patently incorrect. This office reviewed each and every one of the recordings and believed that the designation was necessary to protect Chief Cioffi. In our February 13, 2018 letter we agreed to consider a less restrictive designation to resolve the dispute. However, our concerns that Defendant would use seemingly innocuous audio files to harm Chief Cioffi has been borne out by Defendant's conduct in his discussion with the Bergen Record and subsequent press release. For that reason, Plaintiff can no longer consent to this previous proposal.

From these actions it is clear that Mr. Kranjac is attempting to obtain copies of these audio files for political purposes to cause "significant harm" to Chief Cioffi. This is precisely what the Confidentiality Order is designed to protect against. To assist his counsel, Defendant only needs to be able to listen to the files. His desire to obtain copies and disseminate them stems only from his desire to score political points.

As such, Plaintiff vehemently objects to the change in designation for any of the audio files produced in discovery.

Please contact me with any questions or comments.

<div style="text-align:right">

Respectfully Yours
s/Richard Malagiere/
Richard Malagiere

</div>

Cc: Counsel of record via ECF

FEBURARY 15, 2018
ARTICLE FROM BERGEN RECORD



**Tax Pro Review.**
Have an expert review & file your online return.

# Englewood Cliffs appoints public safety director

*Svetlana Shkolnikova, Staff Writer, @svetlanka* Published 5:45 a.m. ET Feb. 15, 2018 | Updated 7:52 p.m. ET Feb. 15, 2018



*(Photo: Carl Sorheim/Jersey.com)*

ENGLEWOOD CLIFFS — The borough council appointed a public safety director on Wednesday, putting a face on a controversial position that will oversee the police department.

Donald Ingrasselino, a retired Elmwood Park police chief, will work part time in an administrative role for $50,000 through the end of the year, according to a resolution narrowly approved by the Republican-led governing body.

"We think he's in a position to help us with a succession plan for the police chief and to address many of the issues that we've spoken about time after time," said Councilman William Woo, who helped interview five candidates for the job from more than 10 applicants. "We need someone who's from the inside, someone who understands the police department."

The vote, like all others concerning the position (/story/news/bergen/englewood-cliffs/2017/09/14/englewood-cliffs-creates-public-safety-director-will-comment-monday-ofac-letter-their-fiscal-investig/661443001/), was split along party lines, with Democrats Gloria Oh, Ed Aversa and Ellen Park voting against the appointment and Republicans Carrol McMorrow, Mark Park and Woo voting in favor. Republican Mayor Mario Kranjac cast the tie-breaking vote.

Kranjac said Ingrasselino will assist the police department with non-operational matters, improve policies and help the borough select a new chief once Chief Michael Cioffi reaches mandatory retirement age next January.



*Former Elmwood Park Police Chief Donald Ingrasselino. (Photo: Courtesy of the Elmwood Park Police Department)*

"I will also task him with removing politics from the ECPD to restore bipartisan support for the ECPD," Kranjac wrote in a statement.

Aversa called the position a "$50,000 waste of taxpayer dollars." The Democrats have argued that the position is fiscally irresponsible and will insert a level of political interference into the department.

They complained Wednesday that they were not given Ingrasselino's résumé until 3:30 p.m., hours before they were set to vote on his appointment.

Englewood Cliffs has been mired for years in multiple lawsuits involving police officers suing one another, the borough, the council and the mayor. Kranjac previously stated his lack of confidence in Cioffi and has accused the police department of functioning as an extension of the prior Democratic-majority administration.

Cioffi filed his latest lawsuit against Kranjac (/story/news/bergen/englewood-cliffs/2017/12/14/englewood-cliffs-police-chief-sues-alleging-abuse-power-mayor-and-borough/931478001/), the council and the borough in December, accusing the mayor of overstepping his authority by ordering Cioffi on a year-long vacation before his retirement and threatening demotion after Cioffi refused to comply.

**OPRA:** Englewood Cliffs councilwoman prevails in OPRA lawsuit against borough (/story/news/bergen/englewood-cliffs/2018/01/09/englewood-cliffs-councilwoman-prevails-opra-lawsuit-against-borough/1017220001/)

**Affordable Housing:** Englewood Cliffs bolsters defense in affordable housing case (/story/news/bergen/englewood-cliffs/2018/01/18/englewood-cliffs-bolsters-defense-affordable-housing-case/1046643001/)

Join now for as low as
99¢/week

Subscribe Now
(http://offers.northjersey.com/rjwon?gps-source=BEAZfeb&utm_medium=agilityzone&utm_exchange&utm_campaign=UWEB2017)

Police: Englewood Cliffs Republicans seek probe of police role in November election (/story/news/bergen/englewood-cliffs/2017/12/15/englewood-cliffs-republicans-seek-probe-police-role-november-election/955167001/)

Kranjac said Wednesday that proceedings in that lawsuit had uncovered more than 120 audio tapes allegedly recorded by Cioffi of conversations he had with borough employees, council members and the mayor. The recordings included toilet flushing sounds that prompted Kranjac on Wednesday to order an investigation.

"We are now on notice that recordings were made of toilets flushing by our chief of police and we need to take every necessary and appropriate step to ensure that the privacy of our employees and elected officials is safeguarded when they use borough bathrooms or toilets," Kranjac said.

Kranjac said he has not heard the recordings himself but found Cioffi's actions, "unsavory, wasteful of borough time and resources and kind of creepy."

*Email: shkolnikova@northjersey.com*

Read or Share this story: https://njersy.co/2o7VFga

Tax Pro Review.

MARCH 2, 2018
PRESS RELEASE FROM MAYOR KRANJAC

## 3/2/2018 - Message from Mayor Kranjac

Englewood Cliffs residents and employees have recently asked the Mayor about Police Chief Michael Cioffi taping conversations with employees and elected officials, and other sounds.

Mayor Mario Kranjac's Statement as Read at the February 14, 2018 Mayor and Council Public Meeting Regarding the Taping of Conversations and Sounds by Chief Michael Cioffi is as follows:

1.      In a litigation in which our chief of police is suing the borough and others, his attorneys have produced over 120 audio tapes, which the Chief either made or had in his possession, of conversations between him and Borough employees, Borough Council Members, me -- the Mayor, himself and I believe others.

2.      While I have not listened to these tapes because of litigation constraints that we are trying to remove, according to a letter sent to the court by my attorneys, included in these tapes are also sounds without conversation. These sounds include toilets or urinals (we're not sure which yet) flushing and air. We also do not know if the flushing is in a men's room or women's room.

3.      It is unclear if the Chief made all these recordings while on duty, if he used borough equipment, where the recordings were made, if they were edited, and if other employees on or off duty assisted him?

4.      I, as Mayor and as an individual, take the safety and privacy of all the Borough's employees as a very serious and paramount matter and one that goes to the very core of my administration. I expect all my department heads to do the same.

5.      While we cannot now ascertain the answers to all the questions I raised, we are now on notice that recordings were made of toilets flushing by our chief of police and we need to take every necessary or appropriate step to ensure that the privacy of our employees and elected officials are safeguarded when they use borough restrooms. We do not know if the toilet flushing recording was that of a men's room or women's room or if the chief was present when the recordings were made or if they were made remotely.

6.      Based on the foregoing, I am asking this Council to authorize a thorough investigation.

7.      While I never record conversations and I am not pleased that the Chief is recording many of his conversations with all of us, that is something he has chosen to do as unsavory, wasteful of borough time and resources, and as creepy as it is. However, no one, including the Chief, is permitted to record people using borough restrooms.

8.      I have always said that I am willing to work with anyone who is willing to work with me and clearly the Chief has not been willing to do so. I encourage the Chief to reflect on what he has done.

News Feed

With all rights and further action reserved.

**Archives**

FEBRUARY 1, 2018
LETTER FROM RICHARD MALAGIERE
TO ERIC HARRISON

THE LAW OFFICES OF
## RICHARD MALAGIERE
A PROFESSIONAL CORPORATION
www.malagierelaw.com

| Richard Malagiere | 250 MOONACHIE ROAD | 100 CHURCH STREET | OF COUNSEL |
|---|---|---|---|
| *Member NJ & NY Bar* | SUITE 102 | SUITE 800 | Lawrence D. Mindel |
| *Registered Patent Attorney* | MOONACHIE, NJ 07074 | NEW YORK, NEW YORK 10007 | *Member NJ & PA Bar* |
| | 201.440.0675 | 212.879.5580 | Leonard E. Seaman |
| Matthew E. Gilson | FAX: 201.440.1843 | FAX: 212.879.5583 | *Member NJ Bar* |
| *Member NJ Bar* | | | *Certified by the Supreme Court of* |
| | | | *New Jersey as a Civil Trial Attorney* |

*REPLY TO NJ OFFICE

Writer's Direct Dial: 201.509.4181
Writer's e-mail: mr@malagierelaw.com

February 1, 2018

*VIA EMAIL (HARRISON@METHWERB.COM)*
Eric Harrison, Esq.
Methfessel & Werbel, P.C.
2024 Lincoln Highway, Suite 200
Edison, NJ 08818

   Re: Cioffi v. Borough of Englewood Cliffs, et al.
      Docket No.: 2:16-CV-04536-WJM-MF

Dear Mr. Harrison:

  As you know, this office represents the Plaintiff, Michael Cioffi ("Plaintiff" or "Chief Cioffi"), in connection with the above-referenced matter. I am in receipt of your letter dated January 26, 2018 objecting to our request to have certain audio tapes be designated "Attorney's Eyes Only" pursuant to the Discovery Confidentiality Order. Please be advised that we reject your request on behalf of the Plaintiff.

  Section 2 of the Confidentiality Order allows any party to this litigation to designate anything "Attorney's Eyes Only" which "[c]ontains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party". It is the opinion of Plaintiff and his counsel that the material referenced in your January 28, 2018 meets this standard.

  As per Section 8(a), Plaintiff is required to state its specific reasons for its position that the materials meet the standard. We believe that release of these tapes beyond the possession of the attorneys in this case would subject Chief Cioffi to potential harassment by your client and those aligned with her. As documented in the Second Amended Complaint, the animosity and harassment toward Chief Cioffi has only escalated since this matter began and there is no reason to believe that the conduct aimed at Chief Cioffi has come to an end.  In our estimation, the designation is the only way to protect the interest of the Plaintiff.

<div align="center">1</div>

Specifically, after the filing of the initial Complaint in July 2016, the Plaintiff was given two disciplinary violations as a result of the filing of the Complaint in December 2016. To our knowledge, nothing has changed to improve relationships between the parties.

Allowing your client to have copies of these materials would only increase the likelihood of further retaliatory action against Chief Cioffi and anyone heard or mentioned in the tapes. It would "[c]ause significant harm" to the Plaintiff should this occur.

As such, Plaintiff will not be changing its designation of the audio tapes in response to your January 26, 2018 letter. In order to facilitate an agreement between the parties, we are willing to allow your client (and all defendants for that matter) to review the tapes with you in your office, provided she is not provided digital or transcribed copies of the tapes which she is allowed to keep. This will allow you to achieve your goal of allowing your client to assist you in understanding the tapes, while also protecting the interest of my client from these tapes being used for other purposes outside the confines of this litigation.

Please feel free to contact me to discuss this matter at your convenience.

Very truly yours

RICHARD MALAGIERE

cc: client (via e-mail)

FEBRUARY 13, 2018
LETTER FROM RICHARD MALAGIERE
TO JOSEPH TRIPODI AND ERIC HARRISON

THE LAW OFFICES OF
## RICHARD MALAGIERE
A PROFESSIONAL CORPORATION
www.malagierelaw.com

| | | | |
|---|---|---|---|
| **Richard Malagiere**<br>*Member NJ & NY Bar*<br>*Registered Patent Attorney*<br><br>Matthew E. Glison<br>*Member NJ Bar* | 250 MOONACHIE ROAD<br>SUITE 102<br>MOONACHIE, NJ 07074<br>201.440.0675<br>FAX: 201.440.1843 | 100 CHURCH STREET<br>SUITE 800<br>NEW YORK, NEW YORK 10007<br>212.879.5580<br>FAX: 212.879.5583 | *OF COUNSEL*<br>Lawrence D. Mandel<br>*Member NJ & PA Bar*<br>Leonard E. Seaman<br>*Member NJ Bar*<br>*Certified by the Supreme Court of*<br>*New Jersey as a Civil Trial Attorney* |

*REPLY TO NJ OFFICE

Writer's Direct Dial: 201.509.4181
Writer's e-mail: rm@malagierelaw.com

February 13, 2018

***VIA EMAIL (HARRISON@METHWERB.COM)***
Eric Harrison, Esq.
Methfessel & Werbel
2025 Lincoln Highway, Suite 200
Edison, NJ 08818

***VIA EMAIL (JTRIPODI@KTPLLP.COM)***
Joseph Tripodi, Esq.
Kranjac, Tripodi & Partners LLP
473 Sylvan Avenue
Englewood Cliffs, NJ 07632

      Re:    **Cioffi v. Borough of Englewood Cliffs, et al.**
           **Docket No.:  2:16-CV-04536-WJM-MF**

Dear Counsel:

      As you know, this office represents the Plaintiff, Michael Cioffi ("Plaintiff" or "Chief Cioffi"), in connection with the above-referenced matter. I am in receipt of Mr. Tripodi's letter dated February 5, 2018 objecting to our request to have certain audio tapes be designated "Attorney's Eyes Only" pursuant to the Discovery Confidentiality Order. I am also in receipt of Mr. Harrison's February 13, 2018 regarding various issues with discovery. Please be advised that we reject your requests as related to Attorney's Eyes Only designation on behalf of the Plaintiff. In this regard, we refer to my letter of February 1, 2018 which is attached.

      Notwithstanding, Mr. Tripodi does raise a valid issue in his letter regarding errant sounds in some of the recordings. In order to facilitate a resolution of this issue, we ask that both sides identify which recordings they believe do not warrant an "Attorney's Eyes Only" designation. Plaintiff is willing to remove the designation if these recordings do contain audio which is not sensitive and not consistent with the standard set forward above.

1

In order to facilitate an agreement between the parties, we are willing to allow your clients (and all defendants for that matter) to review the tapes with you in your office, provided they are not provided digital or transcribed copies of the tapes which they are allowed to keep. This will allow you to achieve your goal of allowing your client to assist you in understanding the tapes, while also protecting the interest of my client from these tapes being used for other purposes outside the confines of this litigation. While Mr. Harrison has already expressed resistance to this proposal, we hope that the elimination of some designation in accordance with Mr. Tripodi's concerns will make the designated matter more manageable.

Mr. Harrison has called to our attention that pages 267 through 286 of our Bates stamped documents are missing from our production. We have confirmed that no such documents exist in original files and that it is merely a Bates stamping error where document 266 is followed by document 287. We would also like to take this opportunity to remind Mr. Harrison that he so far has produced no documents in response to Plaintiff's discovery requests and demand is hereby made for production of Ms. McMorrow's documents.

Please feel free to contact me to discuss this matter at your convenience.

Very truly yours

RICHARD MALAGIERE

enc.
cc: client (via e-mail)

March 8, 2018 Letter
Eric Harrison to Judge Falk

 **METHFESSEL & WERBEL**
— A Professional Corporation —

JOEL N. WERBEL▷
JOHN METHFESSEL, JR.▷
FREDRIC PAUL GALLIN▵◁•
STEPHEN R. KATZMAN#
WILLIAM S. BLOOM▷•
ERIC L. HARRISON*▵
MATTHEW A. WERBEL▷
MARC DEMBLING*◁
LORI BROWN STERNBACK*▵
I. BLAKELEY JOHNSTONE,III◁*
GINA M. STANZIALE▷

Of Counsel
JOHN METHFESSEL, SR.▷
(1954-1995)
DONALD L. CROWLEY*•
ED THORNTON*▵

Counsel
JOSEPH D. CASTELLUCCI, JR.▷
PAUL J. ENDLER JR.▷
GERALD KAPLAN▵
JARED P. KINGSLEY*▵
JOHN R. KNODEL*
LESLIE A. KOCH▵
CHARLES T. McCOOK, JR. *▷
RICHARD A. NELKE▵
STEVEN K. PARNESS▵
BRENT R. POHLMAN▵
AMANDA J. SAWYER*

Associates
CHRISTIAN R. BAILLIE◁
SARAH K. DELAHANT◁
EDWARD D. DEMBLING▵
JASON D. DOMINGUEZ▵
MICHAEL R. EATROFF▷
JAMES FOXEN*▵
JENNIFER M. HERRMANN*◁
FRANK J. KEENAN◁*

Associates, Cont'd
ALLISON M. KOENKE▷
ALICIA C. LANGONE*
VIVIAN LEKKAS▵
OLIVIA R. LICATA▷
JAMES V. MAZEWSKI*▵
DIAA J. MUSLEH▵
RAINA M. PITTS*
MATTHEW L. RACHMIEL▷
WILLIAM J. RADA▵
NABILA SAEED*
JARED S. SCHURE▷
BORIS SHAPIRO▷
STEVEN A. UNTERBURGER◁
LEVIE UPDYKE•▵

* Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney
▵Member of NY & NJ Bar
*Member of PA & NJ Bar
▷Member of NJ Bar only
≤Member of PA Bar only
◁Member of NJ & LA. Bar
<Member of NJ & DC Bar
≥Member of NJ, PA & DC Bar
–Member of NY, NJ & DC Bar
=Member of FL Bar

Please reply to New Jersey

March 8, 2018

**VIA ECOURTS FILING**
Hon. Mark Falk, USMJ
United States District Court - Newark
U.S. P.O. & Courthouse, Room 457
1 Federal Sq.
Newark, N.J. 07102

RE:    **CIOFFI, MICHAEL VS. BOROUGH OF ENGLEWOOD CLIFFS, ET AL.**
       Our File No.      : 85341 ELH
       Docket No.        : 2:16-CV-04536-WJM-MF

Dear Judge Falk:

We represent Defendant Carrol McMorrow in this matter. We write to join in Mr. Tripodi's letter dated March 2, 2018 (docket entry #58) requesting a phone conference to resolve a discovery dispute concerning Plaintiff's blanket and unwarranted designation of approximately 120 audio recordings as "Attorneys' Eyes Only."

We have attempted to resolve the issue before seeking judicial intervention; however, our efforts have failed. By way of the enclosed letter dated January 26, 2018, we initially objected to the blanket designation. As there were over 100 audios produced, we also requested that Plaintiff identify each audio by indicating the date of the audio, who made the recording, a brief description of the audio, the individuals speaking and the relevance of the audio. This requested information was especially important as our clients were prohibited from reviewing the audios to assist in identifying the individuals on the audio and/or to properly defend against the audios as deemed necessary.

On February 1, 2018, Plaintiff's counsel responded to our letter, which we have enclosed for your reference. Plaintiff essentially stated, without any basis, that the release of the audios to our client would subject Plaintiff to potential harassment and further retaliation. Plaintiff, however, offered to now permit the Defendants to listen to the audios in their respective attorneys' offices but still prohibited any Defendant from obtaining an actual copy of the audio. We rejected that offer since there is no basis to designate the documents as "Attorneys' Eyes Only" or "Confidential" and due to the volume of audios provided, that would be an undue burden on our office and our client especially when considering that the audios would likely have to be listed to on more than one occasion and our office is approximately one hour away from our client.

Methfessel & Werbel, Esqs.
Our File No. 85341 ELH
Page 2

After a February 13, 2018 follow-up letter to Plaintiff's counsel regarding outstanding discovery issues and the issue on the audios, on February 13, 2018, Plaintiff's counsel again wrote to our office and requested that <u>Defendants</u> identify which audios do not warrant an "Attorneys' Eyes Only" designation. At the same time, Plaintiff's counsel appeared to concede that at least some of the audios do not warrant such a designation.

On February 21, 2018, Mr. Tripodi wrote to Plaintiff's counsel noting that it is Plaintiff's burden to prove that such designations are warranted in accordance with the Discovery Confidentiality Order. Mr. Tripodi also objected to any "Confidential" designation as it was not warranted.

On February 23, 2018, we joined in Mr. Tripodi's letter and as a last good faith attempt gave Plaintiff until February 28th to provide us with a document identifying each file, describing its contents, and stating the particularized basis for the "Attorneys' Eyes Only" designation or to lift the designation in its entirety.

On February 26, 2018, Plaintiff's counsel rejected the request to remove the designation, expressed no willingness to provide a document identifying the particularized basis as to each audio for the designation and recanted on any previous expressed willingness to remove the designation from any of the audios due to comments allegedly made by a co-defendant and published in the Bergen Record on February 15, 2018. As such, we are now seeking judicial intervention.

The audios produced by Plaintiff do not fall under any of the contemplated "documents" subject to confidentiality pursuant to the Discovery Confidentiality Order ("DCO") (docket entry # 46). Moreover, the blanket designation of all audios as "Attorneys' Eyes Only" is not in the spirit of the Order and does not advance its purpose. Once an objection is lodged to the designation of a document as confidential, Paragraph 8(a) of the DCO specifically places the burden on counsel for the "designating party" who "shall respond in writing to such objection....and shall state with **particularity** the grounds for asserting that the ...information is Confidential or Attorney's Eyes Only." Plaintiff has failed to meet this burden and has prohibited the possibility of a meaningful meet and confer.

Plaintiff's letter to the Court dated March 5, 2018 (docket entry # 59) takes the "significant harm" language of the DCO out of context. Plaintiff has chosen to bring this lawsuit and the Defendants must be afforded the ability to properly defend against these claims and not be limited in their access to discovery.
Based on the foregoing, we request that Your Honor schedule a phone conference to discuss this issue and request that the Court compel Plaintiff to identify the particularized basis for the designation as to each audio by a date certain.

Methfessel & Werbel, Esqs.
Our File No. 85341 ELH
Page 3

We thank the Court for its attention to this matter.

Respectfully submitted,

METHFESSEL & WERBEL, ESQS.

Eric L. Harrison
harrison@methwerb.com
Ext. 138

ELH:as/pk/fmr
Enclosure: Attorney Letters

cc:   **VIA E-FILING TO ALL**
      Richard Malagierie, Esq.
      Law Offices of Richard Malagierie
      14 Bergen Street
      Hackensack, NJ 07601

      Robert L. Galantucci, Esq.
      Galantucci, Patuto, Devencentes, Potter & Doyle, LLC
      55 State Street
      Hackensack, NJ 07601

      Domenick Carmagnola, Esq.
      Carmagnola & Ritardi, LLC
      60 Washington Street
      Morristown, NJ 07060

      Joseph Tripodi, Esq.
      Kranjac, Tripodi, & Partners LLP
      473 Sylvan Avenue
      Englewood Cliffs, NJ 07632