FILED
APR 23 2018
LISA PEREZ FRISCIA, J.S.C.

*Order Prepared by the Court*

| | |
|---|---|
| MICHAEL CIOFFI,<br><br>Plaintiff,<br><br>v.<br><br>MAYOR AND COUNCIL OF THE BOROUGH OF ENGLEWOOD CLIFFS,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – BERGEN COUNTY<br>DOCKET NO. BER-L-3468-17<br><br>Civil Action<br><br>ORDER |

**THIS MATTER** having been opened to the Court upon an application of Notice of Motion filed by David J. Altieri, Esq., counsel for Plaintiff, Michael Cioffi, and upon an application of Notice of Motion by Domenick Carmagnola, Esq., counsel for Defendants, Mayor and Council of the Borough of Englewood Cliffs, and the Court having reviewed and considered the motion papers submitted, and having heard oral argument, and for good cause having been shown;

**IT IS** on this 23rd day of April, 2018,

**ORDERED** that:

1. Plaintiff's motion for summary judgment is denied and defendants' motion for summary judgment is granted. See attached rider.

2. A copy of this Order shall be served upon all parties appearing herein within 7 days of the date hereof.

_____
HON. LISA PEREZ FRISCIA, J.S.C.

# CIOFFI v. BOROUGH OF ENGLEWOOD CLIFFS, *et al.*

Docket No. BER-L-3468-16

**RIDER TO ORDER DATED APRIL 23, 2018**

Plaintiff, Michael Cioffi (hereinafter referred to as "Chief Cioffi" or "plaintiff"), and defendants, Mayor and Council of the Borough of Englewood Cliffs (hereinafter referred to as "Mayor and Council" or "defendants"), filed the within motions for summary judgment. Both motions are opposed. This court denies plaintiff's motion and grants defendants' motion for the reasons set forth below.

The within matter arises out of the suspension with pay of Englewood Cliffs Police Chief Cioffi by the Mayor and Council of the Borough (hereinafter referred to as the "Borough") on April 13, 2016. Prior to the suspension, on March 28, 2016, plaintiff received a "Rice Notice" from the Mayor and Council, which stated, at the "Regular Meeting of the Governing Body" on April 13, 2016, "Overtime Expenditures, Internal Affairs Procedures, PBA Member Complaints" were "scheduled to be discussed." (Certification of Michael Cioffi dated March 12, 2018, ¶ 2; Rice Notice dated March 28, 2016, Pa 17). On April 13, 2016, at the end of a regularly scheduled public meeting of the Mayor and Council, an oral resolution was put to vote which moved to place Chief Cioffi, who continues to be the acting police chief of the Borough, on a 30-day paid administrative leave pending an investigation of misconduct allegations referred to the governing body. The motion statement set forth at the meeting was as follows:

> Tonight, the Borough Attorney brought to our attention – issues about the police. The allegation, if true, may constitute illegal activity and certainly would be a violation of [B]orough policies, procedures, and violation of public trust. It appears that the chief may have out the interests of him and those who – before him – the duty to the people of Englewood Cliffs. I believe that this evidence must be referred to the Bergen County Prosecutor's Office and that the Borough must conduct its own administrative investigation. I do not believe that the [C]hief can continue to serve in his role until this

1

> [ ]investigation is complete. As such, I am making a motion to place the chief on paid administrative leave.
>
> [Defendant's Reply Brief.]

The oral resolution passed by a vote of 2-2, with Mayor Mario M. Kranjac casting the tie-breaking vote. Plaintiff challenges the resolution as improper and unwarranted disciplinary action. Plaintiff contends he was only provided with a "Rice Notice" regarding "PBA Member Complaints" and was not provided with any written notice of disciplinary charges or provided with a hearing as required by state law governing police discipline. It is undisputed the governing body had received from the PBA a referral of misconduct by Chief Cioffi and the governing body referred the allegations to the Bergen County Prosecutor's Office for investigation. As plaintiff does not dispute these facts, and the court has not been provided the investigation files in camera, the court accepts these undisputed facts.

Relevantly, on May 12, 2016, 29 days after the meeting of April 13, 2016 when Chief Cioffi was placed on paid administrative leave, the Mayor and Council reinstated plaintiff as police chief of the Borough. On April 29, 2016, plaintiff commenced this action by filing a verified complaint in lieu of prerogative writs, which was accompanied by a motion to convert the matter into a summary action. On July 6, 2016, defendants removed this matter to the United States District Court, District of New Jersey. The matter was then remanded back to this court after a consent order was entered into by the parties. On October 19, 2017, plaintiff filed a motion to reinstate the matter to the active calendar, which was carried to allow defendants to obtain new counsel and submit opposition. The motion to reinstate was granted by this court on December 15, 2017. Defendants filed an answer on January 3, 2018. On February 12, 2018, a case management conference was held, and this court issued a scheduling order providing any dispositive motions be filed by March 12, 2018. Both plaintiff and defendant agree the within

2

matter may be decided by way of summary judgment and each side filed motions for summary judgment on March 12, 2018.

Plaintiff's motion argues Chief Cioffi is entitled to summary judgment because there is no genuine issue of material fact Chief Cioffi was suspended from his position and the governing body failed to provide due process as required by N.J.S.A. 40A:14-118 and N.J.S.A. 40A:14-147 et seq. Plaintiff argues the action of the Mayor and Council in placing Chief Cioffi on administrative leave was neither an act within its legislative power nor authority, and the actions taken constitute an unlawful taking without due process.

Defendants oppose plaintiff's motion for summary judgment and argue plaintiff ignores well-established law permitting a suspension pending investigation, or a paid leave, as distinguishable from a punitive suspension. Defendants further argue plaintiff has suffered no deprivation of process, because he was provided notice of the preliminary hearing and suspended with pay while the matter was referred to, and investigated by, the Bergen County Prosecutor's Office. It is undisputed that the Bergen County Prosecutor's Office accepted the referral, investigated the allegations, and did not pursue any charges. Defendants further argue, pending investigation, plaintiff was not entitled to further due process, as he was reinstated in less than one month. Defendants assert plaintiff was never subject to any disciplinary action, was not disciplined, lost no pay and he was returned to active duty where he remains. Defendants argue plaintiff's assertion that N.J.S.A. 40A:14-149 and N.J.S.A. 40A:14-149.1, "make clear" that no officer may be suspended pending a hearing absent formal charges is utterly without merit, as precedent case law expressly states the "suspension" referenced in the statute is a step in the procedure, which can occur during investigation without charges or a complaint being filed. Defendants further point out the public would be ill served if the court accepted the proposition an

3

officer has the statutory right to retain his uniform, badge, weapon, authority, title, and access to records until such time formal charges are filed and served. It is axiomatic that when credible allegations of misconduct are learned, some action must be undertaken. It is the Mayor and Council's responsibility is to weigh the harm to the public and the municipal entity versus the harm to the accused employee. The governing body is to act in accordance with the law and investigate credible claims. Defendants argue the governing body acted in good faith and no proof demonstrating otherwise has been shown.

Defendants' summary judgment motion argues Chief Cioffi has long since returned from his paid suspension, rendering this matter moot. Defendants also argue plaintiff's allegation that the paid administrative leave will trigger "progressive discipline" in a future disciplinary action has no basis in fact and is simply an attempt to offer some justification as to why this action should continue. Moreover, defendants argue, in the event any of this speculative harm came to pass, it would be appropriately challenged in its own action, once ripe and with all facts available for review. Specifically, defendants argue the governing body, seeking to ensure the chief was fit and qualified to continue to run the police department, in light of the allegations, took appropriate measures to refer the three allegations to the Bergen County Prosecutor's Office for investigation in accordance with the law. Defendants further argue the governing body's actions were reasonable under the circumstances at the time. Defendants, alternatively, argue if this court declines to grant defendants' motion, the present action should be stayed until a concurrent federal action involving aspects pertaining to this administrative leave is resolved.

In opposition to defendants' motion, plaintiff argues the present matter should not be dismissed as moot because there are disputed issues which plaintiff legally is entitled to have resolved. Plaintiff argues Chief Cioffi remains entitled to an order declaring the Mayor and

4

Council's action to be unlawful, ultra vires, null and void. Additionally, plaintiff seeks his suspension be stricken from his personnel and internal affairs files, and any other record maintained by the Borough. Plaintiff contends in the event this court were to find no existing harm toward Chief Cioffi, this court should consider the potential adverse future consequences. Plaintiff cites Chief Cioffi is currently the subject of two ongoing disciplinary matters and the Mayor has indicated he is contemplating a third. Plaintiff further contends the deprivation of Chief Cioffi's due process rights, that resulted in suspension and memorialization of Chief Cioffi's suspension in his personnel file, form the basis for this court to provide the requested relief. Plaintiff dispute's defendants' argument that the suspension of Chief Cioffi was lawful, as defendants cannot credibly claim that adequate due process, pursuant to N.J.S.A. 40A:14-147, took place. Plaintiff argues defendants' use of the term "administrative leave" in place of suspension is of no consequence.

Plaintiff in support of his motion for summary judgment maintains a police officer may only be suspended prior to holding a hearing in very limited circumstances, which are not applicable to the present matter. Plaintiff contends the Attorney General Internal Affairs Guidelines ("A.G. Guidelines") illustrate the action taken by the Mayor and Council was wrongful. The A.G. Guidelines set forth the following regarding "Immediate Suspension Pending Investigation and Disposition":

> In certain serious cases of officer misconduct, the agency may need to suspend the subject officer pending the outcome of the investigation and subsequent administrative or criminal charges. To effect an immediate suspension pending the investigation, at least one of the following conditions must be met:
>
> 1. The employee is unfit for duty.
>
> 2. The employee is a hazard to any person if permitted to remain on the job.

5

3. An immediate suspension is necessary to maintain safety, health, order or effective direction of public services.

4. The employee has been formally charged with a first, second or third degree crime.

5. The employee has been formally charged with a first, second, third or fourth degree crime or a disorderly persons offense committed while on duty, or the act touches upon his or her employment.

Before the immediate suspension of an officer, the law enforcement executive or authorized person should determine which of those criteria apply. The decision whether or not to continue to pay an officer who has been suspended pending the outcome of the investigation rests with the law enforcement executive and appropriate authority, who should carefully consider all ramifications of these choices. It should be clear that the suspension of an officer before completing an investigation or disposing of a case is a serious matter. Such suspensions may be immediately necessary, as in the case of an officer reporting for work under the influence of alcohol. In other cases, however, a suspension need not be immediate but rather would follow a preliminary investigation into the matter that indicates that one of the above criteria has been met. In any case, suspension prior to disposing of the case must be clearly documented and justified. At the time of the suspension, the individual shall be provided with a written statement of the reasons the action has been taken. In the event of a refusal by the individual to accept that written statement, a copy shall be provided to the individual's collective bargaining representative as soon as possible. If a supervisor or commander authorized to do so imposes an immediate suspension, the law enforcement executive must be advised without delay. He or she will then determine the status of the suspension given the facts of the case in light of the above criteria. In no case shall an immediate suspension be used as a punitive measure.

[Attorney General Guidelines, Internal Affairs Policy & Procedures, November 2017, p. 16-17 (http://www.nj.gov/oag/dcj/agguide/internalaffairs2000v1_2.pdf).]

Plaintiff argues conditions 1 and 3, as listed above, do not apply herein and precedent case law, which permits suspension pending charges also does not apply. While plaintiff does not dispute

misconduct charges were investigated by the Bergen County Prosecutor's Office, plaintiff argues due process was violated and the nature of the charges did not rise to the level of permitting suspension. Notably, it is plaintiff's burden to demonstrate the governing body acted inappropriately and without cause in referring the complaints. Plaintiff also disputes defendants' argument this matter should be stayed pending the resolution of the federal action, as state and federal due process are different concepts grounded in different law. Plaintiff maintains summary judgment should be granted in his favor, as the governing body's actions violated the applicable law and, as such, the actions should be vacated and stricken from all relevant records maintained by the Borough.

In reply, defendants argue plaintiff's complaint is predicated entirely on plaintiff's erroneous assumption he was subject to disciplinary action. Defendants argue it is clear from the record the Mayor and Council placed plaintiff on an administrative leave, suspending the chief with pay, pending investigation and this in no way constituted a disciplinary suspension. Defendants reiterated plaintiff is the highest-ranking law enforcement officer in the municipality and there were concerning referrals of misconduct, which were appropriately investigated. Defendants argue plaintiff's allegation, referring to the "suspension" appearing in his personnel files and internal affairs files, was not pled in his complaint. Additionally, there is no evidence in the record to establish the resolution placing Chief Cioffi on administrative leave appears in any of his files or would impact him in any future disciplinary action.

Defendants maintain when a governing body is faced with credible safety and fitness complaints referred by the police department PBA, which if investigated and found to be true would render the chief unfit to serve or unqualified to lead the department, the governing body, acting in good faith is permitted to suspend the chief. There has been no showing the governing

7

body acted in bad faith. Defendants maintain the correct steps were taken by providing a Rice Notice, having an open public meeting, referring the matter to the prosecutor's office for investigation, and suspending the chief with pay. The chief was reinstated after the completion of the investigation with no findings. Defendants argue if a governing body is precluded from taking such action, and is forced to continue an employee in their position until such time as an investigation is completed and formal charges are filed, then the public at large and defendants are put at risk.

## Analysis

### A. Summary Judgment

As a general rule, summary judgment is inappropriate in actions in lieu of prerogative writs that challenge a decision made after a plenary hearing conducted before an agency, in which factual findings have been made on the record. Willoughby v. Planning Board of Township of Deptford, 306 N.J. Super. 266, 275 (App. Div. 1997). There are some exceptions to this general rule. For example, if a defendant asserts a prerogative writs action was filed beyond the time allowed by R. 4:69-6, this defense, which ordinarily can be ruled upon without reviewing the entire administrative record, may be raised by a motion for summary judgment. Id. "Moreover, where a prerogative writ action challenges governmental action which is not based on an administrative record developed in a quasi-judicial hearing or seeks performance of a ministerial duty, the usual procedures for the disposition of civil actions, including summary judgment practice, may be employed." Id.

A party moving for summary judgment in an action in lieu of prerogative writs has the same burden as any other civil litigant moving for summary judgment. See 388 Route 22 Readington Realty Holdings, LLC v. Township of Readington, 221 N.J. 318, 339 (2015). New

8

Jersey's standard for summary judgment as set forth in Brill v. Guardian Life Ins. Co. Am., 142 N.J. 520, 540 (1995) entitles a movant to summary judgment if the adverse party, having all facts and inferences viewed most favorably towards it, has not demonstrated the existence of a dispute whose resolution in its favor will entitle him to judgment. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact challenged[.]" R. 4:46-2(c). In Globe Motor Company v. Igdalev, the Supreme Court stated that:

> [t]he summary judgment rule set forth in Rule 4:46-2 "serve[s] two competing jurisprudential philosophies": first, "the desire to afford every litigant who has a *bona fide* cause of action or defense the opportunity to fully expose his case," and second, to guard "against groundless claims and frivolous defenses," thus saving the resources of the parties and the court. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 541-42 (1995) (quoting Robbins v. Jersey City, 23 N.J. 229, 240-41 (1957)). In light of the important interests at stake when a party seeks summary judgment, the motion court must carefully evaluate the record in light of the governing law, and determine the facts in the light most favorable to the non-moving party. R. 4:46-2(c).
>
> [225 N.J. 469, 479 (2016).]

When evaluating a summary judgment motion, the motion court "does not draw inferences from the factual record as does the factfinder in a trial, who 'may pick and choose inferences from the evidence to the extent that 'a miscarriage of justice under the law' is not created.'" Id. (citing Brill, 142 N.J. at 536). "Instead, the motion court draws all legitimate inferences from the facts in favor of the non-moving party." Ibid. With the factual record construed in accordance with R. 4:46-2(c), the motion court's task is to "determine whether a rational factfinder could resolve the alleged disputed issue in favor of the non-moving party." Id. at 481 (citing Perez v. Professionally Green, LLC, 215 N.J. 388, 405 (2013)).

9

The motion court must analyze the record in light of the substantive standard and burden of proof that a factfinder would apply in the event that the case were tried. Id. at 481 (Bhagat v. Bhagat, 217 N.J. 22, 40 (2014)). Thus, neither the motion court nor an appellate court can ignore the elements of the cause of action or the evidential standard governing the cause of action. Ibid.

"A litigant must establish that a desired inference is more probable than not. If the evidence is in equipoise, the burden has not been met." Id. at 482 (quoting Biunno, Current N.J. Rules of Evidence, comment 5a on N.J.R.E. 101(b)(1) (2005)). If the non-moving party "points only to disputed issues of fact that are of an insubstantial nature, the proper disposition is summary judgment." Brill v. Guardian Life Ins. Co. Am., 142 N.J. at 529. "Bare conclusions in the pleadings, without factual support in tendered affidavits, will not defeat a meritorious application for summary judgment." U.S. Pipe & Foundry Co. v. Amer. Arbitration Association, 67 N.J. Super. 384, 399-400 (App. Div. 1961) (citing Gherardi v. Trenton Board of Education, 53 N.J. Super. 349, 358 (App. Div. 1958)). The Court in Brill encouraged trial courts not to hesitate in granting summary judgment when the appropriate circumstances are presented, such that the "evidence is so one-sided that one party must prevail as a matter of law. Brill, supra, 142 N.J. at 540.

**B. Procedural Due Process**

Title 40A of the New Jersey Statutes is entitled "Municipalities and Counties." Chapter 14, Section 147 of Title 40A sets forth the mechanisms by which a member or officer of a police department may be suspended or removed from duty. N.J.S.A. 40A:14-147 establishes that:

> Except as otherwise provided by law, no permanent member or officer of the police department or force shall be removed from his office, employment or position for political reasons or for any cause other than incapacity, misconduct, or disobedience of rules and regulations established for the government of the police department and force, nor shall such member or officer be suspended, removed,

BER L 003468-16   04/23/2018   Pg 12 of 15   Trans ID: LCV2018707146
Case 2:16-cv-04536-ES-MAH   Document 77-1   Filed 05/09/18   Page 12 of 15 PageID: 1053

fined or reduced in rank from or in office, employment, or position therein, <u>except for just cause</u> as hereinbefore provided <u>and then only upon a written complaint setting forth the charge or charges against such member or officer</u>. The complaint shall be filed in the office of the body, officer or officers having charge of the department or force wherein the complaint is made and <u>a copy shall be served upon the member or officer so charged, with notice of a designated hearing thereon by the proper authorities</u>, which shall be not less than 10 nor more than 30 days from date of service of the complaint.

A complaint charging a violation of the internal rules and regulations established for the conduct of a law enforcement unit shall be filed no later than the 45th day after the date on which the person filing the complaint obtained sufficient information to file the matter upon which the complaint is based. The 45-day time limit shall not apply if an investigation of a law enforcement officer for a violation of the internal rules or regulations of the law enforcement unit is included directly or indirectly within a concurrent investigation of that officer for a violation of the criminal laws of this State. The 45-day limit shall begin on the day after the disposition of the criminal investigation. The 45-day requirement of this paragraph for the filing of a complaint against an officer shall not apply to a filing of a complaint by a private individual.

A failure to comply with said provisions as to the service of the complaint and the time within which a complaint is to be filed shall require a dismissal of the complaint.

The law enforcement officer may waive the right to a hearing and may appeal the charges directly to any available authority specified by law or regulation, or follow any other procedure recognized by a contract, as permitted by law.

[(emphasis added).]

According to the plain language of N.J.S.A. 40A:14-147, a police officer may be suspended for "just cause" and is entitled to "written complaint setting forth the charge or charges against such member or officer."

Here, this court finds the Borough of Englewood Cliffs, under D'Ippolito v. Maguire, 33 N.J. Super. 477 (App. Div. 1955)[1], had the right with "just cause" to suspend with pay Chief Cioffi pending investigation and referral of the allegations to the Bergen County Prosecutor's Office, pending formal charges and a timely hearing. Similarly, in D'Ippolito, plaintiff a police chief in Vineland, New Jersey, was suspended by the municipality on the basis of testimony presented at public hearings before the New Jersey Law Enforcement Council relating to alleged unlawful conduct by him while a member of the police force. Plaintiff contended that he could not be suspended without charges having first been filed against him. The court disagreed, stating:

> The public welfare would be ill served if we were to accept plaintiff's thesis. We might well imagine an instance where a policeman was observed in the act of robbery, or committing some other felony or act which scandalizes the community. Until the municipal officials had an opportunity to investigate fully and to draft and serve appropriate charges, would this law enforcement officer have the statutory right to retain his uniform, badge, weapon, authority, title and access to records, and by any or all of these have the opportunity to hinder an inquiry into his conduct? Under plaintiff's view the answer would be in the affirmative, for the policeman could not be suspended until formal charges were put on file and served. No sound view of the statute justifies his assertion that the requirement of written charges is a condition precedent to suspension pending trial.
>
> [Id. at 489-490.]

This court finds the reasoning of D'Ippolito holds true today and applies herein. "The implied power in the State and its subdivisions to suspend its employees or officers pending disposition of indictments or other charges where the public interest so requires has long been recognized." Mount v. Trs. of Pub. Employees' Ret. Sys., 133 N.J. Super. 72, 85-86 (App. Div. 1975). The

---

[1] The applicable statute interpreted in D'Ippolito v. Maguire, 33 N.J. Super. 477, 479 (App. Div. 1955) was N.J.S.A. 40:47-6. The statute was repealed by L.1971, c. 197 (§ 40A:14-176), eff. July 1, 1971. The version of N.J.S.A. 40:47-6 in effect in 1955 is the predecessor statute of section 147 and was essentially the same as the current statute for purposes of the issues this court must address.

12

Mayor and Council, acting on the police department PBA referral of misconduct allegations, took the procedural step of suspending the chief with pay pending investigation, which was within the defendants' authority. Plaintiff has not established defendants acted without just cause. It is undisputed the governing body had received a referral of an allegations of misconduct by Chief Cioffi. It is also undisputed the matter was immediately referred to the Bergen County Prosecutor's Office, where the matter was accepted and investigated. No charges were filed. Chief Cioffi was thereafter reinstated.

The Appellate Division in addressing the argument that municipal officials could abuse the process as a means to punish a police officer stated:

> The argument is made that if a police officer may be suspended pending trial, without charges first having been preferred and served, it would be possible for municipal officials to circumvent the statute. Such suspension, effected under color of affording an opportunity for investigation and the drawing and service of charges, could well become a means of punishing a police officer without trial. In short, the possibility that a municipality may act in bad faith proves its lack of power to suspend the officer pending the preparation, filing and service of charges and the holding of a hearing. The answer to this is that all power is subject to abuse, but this does not negate power. Further, plaintiff has not charged an actual abuse of power, much less attempted to prove it. Finally, as long as courts sit, plaintiff has adequate safeguards to protect himself from municipal action that is arbitrary or conceived in bad faith.
>
> We hold, therefore, that the word "suspended," as used in N.J.S.A. 40:47-8, means a step in procedure prior to hearing; that it can be effected during investigation without charges being already on file; that the charges against plaintiff were filed and served on July 30, 1954; that the date fixed for trial was within the time prescribed by the act, and that defendants have not violated the letter or spirit of that section.
>
> [D'Ippolito, 33 N.J. Super. at 490.]

13

In this case, herein, plaintiff only challenges the governing body's actions in providing notice and due process to plaintiff. There is another pending action in federal court wherein plaintiff seeks to address potential employment claims.

This court finds the Mayor and Council acted within statutory authority to suspend Chief Cioffi with pay pending investigation of the misconduct allegations. The Chief was suspended with pay for less than 30 days and was reinstated. As no charges were filed and no further action taken, it is speculative to assume any future action shall occur based on this matter. If a punitive future action were to occur, Chief Cioffi would not be precluded from contesting reliance on any action taken by the Mayor and Council herein. Plaintiff has failed to demonstrate defendants acted outside of precedent authority or in bad faith.

For the aforementioned reasons, this court denies plaintiff's motion for summary judgment and grants defendants' motion for summary judgment.