

**CARMAGNOLA & RITARDI, LLC**
ATTORNEYS AT LAW

**DOMENICK CARMAGNOLA**
Certified Civil Trial Attorney
dcarmagnola@cr-law.net

60 WASHINGTON STREET, MORRISTOWN, NJ 07960
T. 973.267.4445  F. 973.267.4456
www.cr-law.net

July 18, 2018

**Via ECF**
The Honorable Michael A. Hammer, U.S.M.J.
U.S. District Court, District of New Jersey
MLK Jr. Federal Building & Courthouse
50 Walnut Street, Courtroom MLK 2C
Newark, NJ 07101

      **Re:**    **Michael Cioffi v. Borough of Englewood Cliffs, Mario M. Kranjac, Carrol McMorrow, Nunzio Consalvo, and Mark Park.**
            **Docket No.: 2:16-cv-04536-ES-MAH**

Dear Judge Hammer:

      This firm is counsel to Defendants Borough of Englewood Cliffs, Nunzio Consalvo, and Mark Park in the above-captioned matter. We write in response to Plaintiff's letter of July 16, 2018 (ECF No. 86). Counsel for Defendant Carrol McMorrow and Counsel for Defendant Mario Kranjac submitted responses yesterday, July 17, 2018 (ECF Nos. 87 and 88).

      Initially, the Court should be aware that the Borough has been unable to provide a response to Plaintiff's proposed Consent Protective Order because of the volume of the recordings, the client's limited ability to review the recordings, and the breadth of issues that have been identified involving the recordings. Of note, Plaintiff has produced more than twenty-eight hours of audio recording in more than one hundred separate audio files in this matter, and has designated all audio files "Attorneys Eyes Only" ("AEO"). The parties have each outlined their position with regard to each audio file's confidentiality designation in two separate charts submitted to the Court under seal (ECF Nos. 83 & 84). While Plaintiff maintains that all files should be given an AEO designation because he either does not want the public to be aware of their existence or the contents or he is embarrassed by their very existence, Defendants undertook a particularized review of the contents of each audio file to determine the extent to which any designation under the Consent Protective Order is appropriate.

      Although Plaintiff continues to insist that the AEO designation remains in effect, he has actually consented to the parties' review of the files. However, in Plaintiff's agreement to permit review by the party clients, he stipulated that any review must take place in the parties' respective attorney's office, rather than providing copies to the client. This has created a hardship, as clients must confine their review of hours of recording to business hours, and must travel to conduct the review.

CARMAGNOLA & RITARDI, LLC

Hon. Michael A. Hammer, U.S.M.J.
July 18, 2018
Page 2

During this office's review, it became quickly apparent that Plaintiff produced recordings of conversations between himself and other Borough officials, and Borough attorneys. Some of these communications are clearly privileged and were improperly produced without the consent of or waiver of privilege by the Borough. Plaintiff has persisted in reviewing these recordings and summarizing their contents in letters to counsel and in his summary audio chart despite the Borough's assertion of privilege. Additionally, as outlined in Defendants' responsive audio chart, some of the recordings contain confidential information, including Borough executive planning meetings and discussions of personnel issues, *inter alia*. Other recordings appear to be privileged because of the nature of the discussion or the description provided by Plaintiff. However, all privilege designations have been challenged by Plaintiff and/or co-defendant Carrol McMorrow. Council President McMorrow is adverse to the Borough in her own action, in which this office is not involved. Further, she has been recused from many matters involving the Police Department because her husband is the former Deputy Chief, and he is involved in ongoing litigation involving the Borough. This office requires the assistance of its client, most particularly the Borough Attorney, in reviewing and outlining the scope of the privilege, especially given all of the intersecting interests involved. The Borough Attorney must be provided with a copy of the audio files if she is to assist in completing this review.

Plaintiff has failed to express a significant legal issue or basis for maintaining AEO or any other confidentiality designation over the audio files that have not been identified by the Borough as containing privileged communications or confidential information. Further, as stated in Mr. Harrison and Mr. Tripodi's correspondence from yesterday, our review of the audio files has raised other concerns, including concerns of potentially unlawful conduct. If the tapes contain evidence of potentially unlawful conduct, the Borough should be permitted to provide the tapes to the appropriate law enforcement agencies for review outside the confines of the Police Department. At a minimum, Borough officials must review the files to determine what course of action, if any, they feel it is appropriate to take. The Plaintiff must not be permitted to limit this review or cover up potentially improper actions by way of the Discovery Confidentiality Order.

The Borough requests a conference with Your Honor to address this issue by way of conference with the Court, and we look forward to Your Honor's direction.

Respectfully submitted,

CARMAGNOLA & RITARDI, LLC

/s/ Domenick Carmagnola
DOMENICK CARMAGNOLA
A Member of the Firm

cc: All Counsel of Record (via ECF)