# Mark B. Frost & Associates

A Professional Corporation
ATTORNEYS AT LAW

1515 Market Street, Suite 1300, Philadelphia, PA 19102

| | | |
|---|---|---|
| MARK B. FROST | T: 215-351-3333 | NJ LAW OFFICE |
| RYAN LOCKMAN* | F: 215-351-3332 | 33 PLYMOUTH ST., STE. 202A |
| *MEMBER PA AND NJ BARS | rlockman@mfrostlaw.com | MONTCLAIR, NJ 07042 |
| | | T: 973-509-8500 |
| | | F: 973-509-1770 |

August 24, 2018

**VIA E-FILING**
The Honorable Michael A Hammer, U.S.M.J.
United States District Court, District of New Jersey
Martin Luther King Jr. Federal Building and U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

**RE:    Cioffi v. Englewood Cliffs, 2:16-cv-04536**

Dear Judge Hammer:

As Your Honor may recall, I was retained eight (8) days ago on August 16, 2018 by Plaintiff and entered my appearance that same day. The Court and counsel then held a conference call on Monday, August 20, 2018.

On August 16, 2018, opposing counsel sent me an email requesting the return of a recording device possessed by my client. On August 20, 2018, prior to the conference call with the Court, I responded, indicating that I was not yet in receipt of the file, and that my preliminary position – without having the benefit of the file – was that the recording device should be held in *my* possession, at least until the matter regarding the recordings was fully resolved. I also noted that earlier that day, August 20th, the Mayor apparently ordered Plaintiff to provide the recording device by 10am that day. The email correspondence between myself and opposing counsel is attached hereto as **Exhibit A**. The Mayor's August 20th, 8:39am email to Plaintiff is attached on pages 1-2 of **Exhibit B**.

On the morning of August 20th, we then had the aforementioned conference call with Your Honor. On said call, I raised the issue of the recording device, and noted that I had not yet received the file. In response, Your Honor verbally ordered that – upon my review of the file – if a dispute regarding the recording device still remained, that the parties were to submit their positions to Your Honor in mid-September[1]. This would enable me to review the file, at which point I could determine what – if any – disputes remained regarding the recording device and the recordings contained therein.

Despite this fact, on Wednesday, August 22, 2018, the Borough Attorney personally emailed my client and demanded Plaintiff's return of the recording device by today, 8/24, at 3:00pm. This email is contained on page 1 of **Exhibit B**. This email – which was sent by an attorney to my client, rather to

---

[1] While this schedule was not memorialized in Your Honor's new scheduling Order, it was indeed verbally ordered by Your Honor and agreed to by all counsel.

me – acknowledges receipt of my August 20th email, but states that if Plaintiff refuses to produce the recording device by today, that "action" would be taken against him. The Borough's attorney also rejects the fact that this is a discovery dispute to be handled as part of the instant litigation. It is clear that the Borough is actively attempting to subvert the discovery process and simply order that materials be produced which are still in dispute in the instant action.

I received the file and recording device from my client yesterday. This morning, I received the Borough Attorney's aforementioned email and responded minutes ago. My email response is attached as **Exhibit C**.

As I indicated, I have not had the opportunity to review the file – which is five banker's boxes – and this matter is to be handled via the discovery process with Your Honor. The Borough has given no reasons whatsoever as to why this matter is so urgent that the recording device needs to be produced by today, while the matter is still being handled in discovery. It instead appears that the borough is manufacturing a reason to discipline and retaliate against my client[2].

As noted above, I just received the large file yesterday, and it may indeed be the case that once I review the file, the matter can be resolved among counsel without judicial intervention. Or it may be the case that Your Honor will need to make a ruling, with which Plaintiff would of course comply. In the meantime, I am requesting that a limited Protective Order be entered; specifically, that the Defendants not take any action to recover the recording device (or discipline my client for not producing same) while this court is deciding the issue.

Thank you for Your Honor's continued attention to these matters.

Respectfully submitted,

MARK B. FROST & ASSOCIATES

/s/ Ryan Lockman, Esq.
Ryan Lockman
Counsel for Plaintiff

CC: All counsel (via ecf)

---

[2] As I indicated in my email to both litigation counsel and the Borough Attorney, if my client is indeed disciplined in further retaliation for not complying with Defendants' orders, I will seek to amend the pleadings to include said allegations and any appropriate causes of action regarding same.

**MARK B. FROST & ASSOCIATES**          Attorneys for Plaintiff
BY: Ryan M. Lockman
1515 Market Street
Suite 1300
Philadelphia, PA 19102
215-351-3333

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL CIOFFI, : | |
|     Plaintiff, : | DOCKET NO. 2:16-cv-4526-ES-MAH |
|     v. : | |
| BOROUGH OF ENGLEWOOD CLIFFS, : et al. : | ORDER |
|     Defendants. : | |

AND NOW on this _____ day of _____ 2018, 1) the Court understanding that new Plaintiff's counsel must be given reasonable time to review the file, and 2) the Court having ordered submissions, if necessary, to resolve any discovery disputes, including but not limited to the issue of any such recordings and/or recording device(s) in Plaintiff's possession, and 3) the Borough of Englewood Cliffs having taken action to obtain said materials outside of the discovery process, and 4) for good cause shown,

IT IS HEREBY ORDERED, this _____ day of _____, 2018, as follows:

1. Any disputes regarding the above discovery issues shall be brought to the Court's attention in a joint letter no later than September 17, 2018.

2. Prior to the Court's ruling regarding any such disputes involving recordings or recording device(s), or prior to the parties informing the Court in writing that no such disputes remain:

    A. Defendants shall take no action to recover said recordings or recording devices outside of the discovery process.

3

  B. Defendants shall similarly take no action to discipline Plaintiff for retaining any such recordings and/or recording device(s) pending the Court ordering the production of same.

3. If Defendants violate this order, sanctions may follow.

_____<br>J.

# EXHIBIT "A"

## rlockman@mfrostlaw.com

| | |
|---|---|
| **From:** | rlockman@mfrostlaw.com |
| **Sent:** | Monday, August 20, 2018 10:19 AM |
| **To:** | 'Meagan Mariano'; 'Eric Harrison'; 'Angela Peters'; 'Richard Malagiere'; 'Leonard E. Seaman'; 'rlg@gpesq.com'; 'lscollon@mfrostlaw.com'; 'mfrost@mfrostlaw.com' |
| **Cc:** | 'Anthony Vinhal'; 'Leonard E. Seaman'; 'Joseph Tripodi'; 'Domenick Carmagnola' |
| **Subject:** | RE: 85341 repeat request for transcript sent to BCPO in Michael Cioffi v. Borough of Englewood Cliffs et al.    Docket No.:2:16-cv-04536-ES-MAH |

Ms. Mariano:

Thank you for your email. One of the issues you addressed was the return of the tape recorder. Relatedly, it is my understanding that today at approximately 8:30am, the mayor ordered my client to produce the recorder to him by 10:00am today, with only 90 minutes of notice.

Without yet having the benefit of the file, my position at this time is that the recorder is an item at issue in discovery, and recordings on it are apparently at issue in discovery in terms of what is being produced and what is not being produced. There appears to be an ongoing dispute regarding what recordings are being produced and which are not. Thus, the recorder should be kept in *my* possession until the court orders otherwise. The mayor's attempts to circumvent the discovery process by simply ordering it to be produced in 90 minutes' time does not change this fact. I am not trying to be argumentative or hostile; rather, I just want to ensure that requests for discovery go through counsel, not the parties directly. Moreover, to the extent that the defendants discipline my client for not returning the recorder within the 90 minute period as ordered, I will consider that further retaliation which will become part of our claims.

We can address this issue on the call. Certainly, if the Court orders that it be produced, we will comply. I would also be happy to discuss this matter with you prior to the call today.

Thank you,

Ryan Lockman


Ryan Lockman, Esq.
MARK B. FROST & ASSOCIATES
1515 Market Street, Suite 1300
Philadelphia, PA 19102
t: (215) 351-3333
f: (215) 351-3332
RLockman@MFrostLaw.com


**From:** Meagan Mariano [mailto:MMariano@cr-law.net]
**Sent:** Thursday, August 16, 2018 6:48 PM
**To:** Eric Harrison <harrison@methwerb.com>; 'Angela Peters' <ap@malagierelaw.com>; 'Richard Malagiere' <rm@malagierelaw.com>; 'Leonard E. Seaman' <les@malagierelaw.com>; 'rlg@gpesq.com' <rlg@gpesq.com>; 'RLockman@mfrostlaw.com' <RLockman@mfrostlaw.com>; 'lscollon@mfrostlaw.com' <lscollon@mfrostlaw.com>; 'mfrost@mfrostlaw.com' <mfrost@mfrostlaw.com>; 'Ryan.m.lockman@gmail.com' <Ryan.m.lockman@gmail.com>
**Cc:** Anthony Vinhal <AVinhal@cr-law.net>; 'Leonard E. Seaman' <les@malagierelaw.com>; 'Joseph Tripodi' <jtripodi@ktpllp.com>; Domenick Carmagnola <dcarmagnola@cr-law.net>



PLAINTIFF'S EXHIBIT A

1

**Subject:** RE: 85341 repeat request for transcript sent to BCPO in Michael Cioffi v. Borough of Englewood Cliffs et al. Docket No.:2:16-cv-04536-ES-MAH

Adding on to Eric's update and request, please also take a look at the attached letter that was sent yesterday. In addition to the transcript, we have made several requests for the immediate return of the Borough's tape recorder in your client's possession. The remainder of the letter addresses a dispute over confidentiality designations applied to audio recordings produced by your client. There is a joint status letter due to the Court on Monday about this. But for the few points of clarification we requested, we understand the dispute to be mostly resolved, subject to future challenges.

Welcome aboard.



Carmagnola & Ritardi, LLC
ATTORNEYS AT LAW

Meagan Mariano

MMariano@cr-law.net

T: 973-267-4445 x312
F: 973-267-4456

60 Washington Street, Morristown, NJ 07960
www.cr-law.net

worklaw® network

# EXHIBIT "B"

**Michael Cioffi**

**From:** Anne Marie Rizzuto <amr@rizzuto-law.com>
**Sent:** Wednesday, August 22, 2018 7:55 PM
**To:** Michael Cioffi
**Cc:** Borough Administrator James R .Barberio (jbarberio@englewoodcliffsnj.org)
**Subject:** RE: Recording Devices

Chief,

As you know, I serve as Borough Attorney for the Borough of Englewood Cliffs. I am writing to you as Borough Attorney at the request of Mayor Kranjac.

On Monday, August 20, 2018 (see below), Mayor Kranjac ordered you to return the Borough's property, the taping device(s) you swore under oath that you used to record all those tapes. You have not responded to the order. This order is not a discovery demand in your litigation. Neither you nor your new attorney are entitled to possession of the device(s).

The device(s) is/are the Borough's property. The Mayor is responsible for safeguarding the assets of the Borough and that is why he ordered you to return them. You are not entitled to keep possession of the Borough's property, property that you have thoroughly misused for your own purposes. Your return of the Borough's property is required by order of the Chief Executive Officer of the Borough. You are subordinate to the Mayor and you have no right to ignore orders nor can you dispute the ownership of the devices.

On behalf of the Borough and per the order of the Mayor, you are given one last opportunity to return the device(s), without any alteration or deletion, to Borough Administrator James Barberio, or Rose Marie Weber if he is not available, by the 3:00 p.m. on Friday, August 24, 2018.

If you fail to take this last opportunity to heed the Mayor's order, action may be taken against you. Such action is motivated not by 'retaliation' as alleged by your new attorney, but because of your own wrongdoing in taking possession of Borough property for your own private purposes, misusing same, failing to heed a proper order to return the device(s), and your continued harboring of misappropriated municipal property.

Thank you for your prompt attention and response to this matter.

Anne Marie Rizzuto, Esq.
181 New Rd., Ste. 304
Parsippany, NJ 07054
973-768-2094
amr@rizzuto-law.com

---

**From:** Mario M. Kranjac <MKranjac@englewoodcliffsnj.org>
**Sent:** Monday, 20 August, 2018 8:39 AM
**To:** Michael Cioffi <mcioffi@ecpolice.org>
**Cc:** James Barberio <jbarberio@englewoodcliffsnj.org>; Anne Marie Rizzuto <amr@rizzuto-law.com>
**Subject:** Recording Devices


PLAINTIFF'S EXHIBIT B

1

Chief Cioffi,

I hereby order you to return every Borough owned recording device controlled or otherwise used by you since January 1, 2016 to the Borough Administrator by 10:00 a.m. this morning. The devices are to be unaltered and untampered with. The corresponding power adapters are also to be returned therewith.

I hereby also order that neither you nor anyone else under your command alter the aforesaid recording devices in any manner whatsoever and that no data be deleted, moved or otherwise erased.

EC is watching and listening. With all rights reserved.


Mario M. Kranjac

Mayor of Englewood Cliffs

# EXHIBIT "C"

# rlockman@mfrostlaw.com

| | |
|---|---|
| **From:** | rlockman@mfrostlaw.com |
| **Sent:** | Friday, August 24, 2018 12:29 PM |
| **To:** | amr@rizzuto-law.com |
| **Cc:** | rlockman@mfrostlaw.com; 'Mark Frost' |
| **Subject:** | Michael Cioffi |

Ms. Rizzuto:

I have eight (8) days ago been retained by Michael Cioffi to represent him in his current litigation against the Borough and various borough officials. I am today in receipt of your email to my client, Michael Cioffi, that you sent to him at 7:55pm on 8/22/18. I am hereby responding to same, on my client's behalf.

In your email, you have ordered my client to turn over the recording device by today at 3:00pm. You seem to reference an email that I sent earlier this week to counsel in the federal litigation, whereby I indicated that I had not yet received the file but my position was that the recording device issue should be decided by the Court, as the matter of the recordings has apparently been handled extensively as part of discovery in that matter.

I find it curious that you sent your email to my client despite explicitly knowing he was represented by counsel. Notwithstanding that fact, I am writing to you to reiterate my position that the recording device issue is still being resolved in discovery, and thus possession of the device itself will be handled via the litigation process. In fact, on Monday morning (8/20), during a conference call with Magistrate Judge Hammer, I raised the issue of the recording device and the Mayor's attempts to ascertain it. In response, Judge Hammer instructed the parties to prepare letters to the court regarding the recording device issue in September (so as to provide me with enough time to review the file), at which point the *Court* would resolve the issue if necessary. Although you claim that this is not a discovery issue, you are in fact mistaken, you were not privy to the conference call with the Court, and you are now actively interfering with the instructions of a federal judge.

As I have previously informed the Borough's litigation counsel, I am in the course of reviewing the file (which I received yesterday). Once a review is complete, I will indicate my ultimate position regarding the recording device to Judge Hammer. If a dispute still remains at that point, Judge Hammer will rule one way or another. If Judge Hammer rules that the recording device should be produced, then I will produce the recording device. But until I review the file and a ruling is made as to any remaining disputes by Judge Hammer, I will not be having my client produce the recording device, which is now in my firm's possession. You have not stated any reason why this matter is so exigent that it cannot await a court ruling. It instead appears that the borough is manufacturing a reason to discipline my client.

Relatedly, you threaten "action" against my client if he does not provide the recorder by 3:00pm today. As I indicated to the Borough's litigation counsel, this thinly veiled retaliation will not be tolerated, and if action is taken against my client for this issue, we will be amending our pleadings to include same.

Thank you,

Ryan Lockman

Ryan Lockman, Esq.
MARK B. FROST & ASSOCIATES
1515 Market Street, Suite 1300
Philadelphia, PA 19102
t: (215) 351-3333
f: (215) 351-3332

1


PLAINTIFF'S EXHIBIT C