# KRANJAC TRIPODI & PARTNERS LLP

**ATTORNEYS AT LAW**

JOSEPH TRIPODI
PARTNER
(646) 205-2955
JTRIPODI@KTPLLP.COM

September 7, 2018

<u>Via ECF</u>
Hon. Michael A. Hammer, USMJ
Martin Luther King Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

    Re:    <u>**Cioffi v. Borough of Englewood Cliffs, et al.**</u>
              **Civil Action No. 2:16-cv-4536-WJM-MF**

Dear Judge Hammer:

      This firm represents Defendant Mayor Mario Kranjac. We write to request leave to file a Counterclaim on behalf of Mayor Kranjac before his Answer to the Second Amended Complaint (which is the subject of a pending motion to dismiss certain counts therein) is due. A copy of the proposed Counterclaim is enclosed.

      By way background, Plaintiff filed his Second Amended Complaint on January 12, 2018. (*ECF No. 42*). On February 13, 2018, we filed a motion to dismiss Counts III, IX, XI and XII of the Second Amended Complaint in lieu of filing an answer. (*ECF No. 49*). That motion, together with the motions to dismiss and for judgment on the pleadings filed by the other defendants, is scheduled for oral argument before Judge Salas on September 20, 2018.

      Rather than waiting for our motion to dismiss to be decided and then filing our Counterclaim as part of our Answer (which we will need to file at least as to the counts that we have not moved to dismiss), and in light of the October 31, 2018 fact discovery end date, we believe that it would be more appropriate to file the Counterclaim sooner rather later and certainly before day 2 of Plaintiff's deposition (which has not yet been scheduled).

      To avoid having to make this application, we circulated the draft Counterclaim to all counsel and requested their consent to file it. Plaintiff's counsel, however, refused to give consent.

      Some of the facts that form the basis of the Counterclaim, including statements made by Plaintiff that are contained in the recordings he made, were in our possession. But they were buried within the 120 audio files and more than 25 hours of recordings. Therefore, they did not

**K**RANJAC **T**RIPODI **& P**ARTNERS **LLP**
**A**TTORNEYS AT **L**AW

September 7, 2018
Page 2 of 2

come to light until we began preparing for Plaintiffs deposition, the first day of which took place on July 24, 2018.  Other facts that form the basis of the Counterclaim were not discovered until Plaintiff testified at his deposition.

      We thank the Court for consideration.

                                          Respectfully,

                                          *Joseph Tripodi*

                                          Joseph Tripodi

cc:    All Counsel (via ECF)

KRANJAC TRIPODI & PARTNERS LLP
30 Wall Street, 12th Floor
New York, NY 10005
Tel: (646) 216-2400
Fax: (646) 216-2373
jtripodi@ktpllp.com
*Attorneys for Defendant*
*Mario M. Kranjac in his Official*
*and Individual Capacities*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL CIOFFI,<br><br>               Plaintiff,<br><br>vs.<br><br>BOROUGH OF ENGLEWOOD CLIFFS, MARIO M. KRANJAC, in his Official and Individual capacities; CARROL MCMORROW, in her Official and Individual capacities; NUNZIO CONSALVO, in his Official and Individual capacities; and MARK PARK, in his Official and Individual capacities,<br><br>               Defendants. | Civil Action No. 2:16-CV-4536-ES-MAH<br><br>*Document Electronically Filed*<br><br>**COUNTERCLAIM ON BEHALF OF DEFENDANT MARIO M. KRANJAC** |

      Defendant Mario M. Kranjac by and through his attorneys, Kranjac Tripodi &Partners LLP, by way of Counterclaim against Plaintiff Michael Cioffi, individually, hereby alleges as follows:

## PARTIES

      1. Defendant Mario M. Kranjac ("Kranjac") is a resident and the Mayor of the Borough of Englewood Cliffs.

      2. Plaintiff Michael Cioffi ("Cioffi") is a resident of the Borough of Englewood Cliffs

and the Chief of the Englewood Cliffs Police Department.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this Counterclaim pursuant to Rule 13(a) of the Federal Rules of Civil Procedure.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

5. Kranjac was sworn in as Mayor of the Borough of Englewood Cliffs on January 3, 2016.

6. Cioffi has been employed as the Chief of the Englewood Cliffs Police Department since 2010, and has otherwise been employed with the Department since the 1970's.

7. Within days of his swearing in as Mayor, Kranjac made it clear to Cioffi that the overtime spending levels of prior years, which exceeded $200,000 annually, would have to be reduced.

8. Cioffi did not take kindly to that directive. Nor did Cioffi take kindly to Kranjac's requirement that the Borough Attorney be present for any discussions between Kranjac and Cioffi on a personnel matter involving a police officer.

9. More broadly, after years of "business as usual" under the prior Mayor, Cioffi resented Kranjac's efforts to curb costs and become more informed with respect to matters that impacted the Police Department.

10. Cioffi was particularly concerned with the Borough Attorney's investigation into overtime compensation provided to certain officers involved in Emergency Response Team ("ERT") training. The Borough Attorney had requested that Cioffi provide "CAD" records for

- 2 -

ERT training.  Cioffi knew that there was a problem with the ERT records. In fact, Cioffi told other police officers that "This is gonna hang me."

11. Consequently, Cioffi, in a meeting with subordinate officers concerning the matter, instructed them to create ERT records after-the-fact.  Specifically, Cioffi instructed his officers as follows:

- "Behind the scenes we should look things up that could fall under the category ERT. . . "

- "Just come up with anything. . . Any kind of training. . . I don't care if you did it while you're working . . ."

- "I don't care if you read a book . . . make it ERT . . . "

- "I don't care if you were jogging around the park, include it in the CAD. . . "

12. To seemingly justify his order concerning after-the-fact creation of ERT records, Cioffi referenced discussions he had with other police Chiefs in the past concerning ERT training.  Specifically, recounting what Chief Bendul of the Fort Lee Police Department had told him, Cioffi told his subordinate officers: "Bendul says . . . in July and August . . his guys aren't around . . . they don't train . . . they make up shit or whatever . . . you gotta massage the thing around, but he protects himself . . . we gotta do the same . . ."

13. Cioffi did not hide his disdain for Kranjac.  In speaking to subordinate officers, Cioffi referred to Kranjac as "a piece of shit".

14. Cioffi also made clear that he was embarking on a scheme to take down Kranjac. Specifically, he told a subordinate officer that former Borough Public Defender Albert Wunch "had a lot of dirt" on Kranjac, that Kranjac "he did a lot of skelly things", and that he (Cioffi) "needs to know some of those . . . things . . I need get my hands on shit that I can throw at him . . ."

15. At his July 24, 2018 deposition (pp. 220-221), Cioffi confirmed that he wanted the dirt in order to force Kranjac to resign as Mayor – a clear form of extortion. Specifically, Cioffi testified:

> Q. . . . Just like when you said you want to get dirt on him so you can use it against him.
>
> A. There's a lot of problems. A lot of issues with the man.
>
> Q. And you want to extort him?
>
> A. I don't want to extort him. Did I say extort? Where did you get that?
>
> *Q. What does it mean when you say "I want to get dirt on him and use it against him?"*
>
> *A. Maybe he'll leave office and not hurt the citizens and residents.*
>
> Q. You don't think that's a form extortion, sir?
>
> A. I didn't say that. I didn't tell him that.

(Emphasis added).

16. In that same meeting, Cioffi also boasted to a subordinate officer about, saying that he gave "the shit" (*i.e.*, information about Kranjac) to "Andrew" (perhaps a reporter) who "went to Terry Plawker" (of Plawker Realty in Englewood Cliffs) who, in turn, went State Senator Loretta Weinberg". He said, "Loretta Weinberg was the one who did the whole thing about Ziza", and that Loretta Weinberg supposedly told Terry Plawker that "Lorretta Weinberg would help me with this and put it out." He then mentioned speaking with "Jimmy" in the hallway, and urging Jimmy to "let Andrew "put it out . . . in the Sunday paper . . . Everybody reads the Sunday paper." Referring to Kranjac, "this guy will be hiding under a rock."

17. Cioffi also expressed his desire to take Kranjac down following a Mayor and

Council meeting in September 2017. Russell Porrino, a Borough resident, who had attended that meeting sent an email to the Borough Attorney confirming that he overheard Cioffi threatening that he would "take down" Kranjac. Specifically, Mr. Porrino wrote in his email of September 14, 2017:

> I attended last night's meeting but had to leave during public comment regarding the creation of the Public Safety Director position. I heard statements made in the vestibule that I find troubling and that I wish to report to your attention before I forget the details. I stopped in the hallway outside the public rest rooms to read several text messages and could not help but overhear[d] ***Mike Cioffe speaking in an angry voice***, around the corner from where I was standing, about the proceedings that were continuing in chambers. What attracted my attention was the statement, and I quote, ***"I am going to take him down"***.

18. On April 13, 2016, the Mayor and Council voted to place Cioffi on paid administrative leave in part because of the improprieties uncovered by the Borough Attorney in connection with Police overtime and ERT training.

19. In July 2016, Cioffi filed this lawsuit against Kranjac and members of the Borough Council for placing him on paid administrative leave and for allegedly interfering with Cioffi's ability to carry out his duties and allegedly interfering with the operations of the Police Department.

20. As part of scheme to take down Kranjac, Cioffi, upon information and belief, caused the Englewood Cliffs PBA Local 45 (the "PBA") to file a separate, baseless lawsuit against Kranjac (and others) in this Court on December 2, 2016 entitled, *Englewood Cliffs PBA Local 45 v. Borough of Englewood Cliffs et al.*, Case No. 2:16-cv-08053-MCA-LDW (the "PBA Lawsuit").

21. Like Cioffi's claims in this lawsuit, the PBA Lawsuit also alleged that Kranjac

interfered with the operation of the Police Department.  Indeed, the PBA Amended Complaint contains allegations that appear to have been spoon fed by Cioffi to the PBA.  By way of illustration, the Amended Complaint in the PBA Lawsuit alleges:

> 92.  The defendants have acted to interfere with the operations of the police department unilaterally through a despotic and personal control in an unlawful manner.
>
> 93.  In many instances the defendants have sought to direct the operations of the police department through directives issued from the Borough administrator in order to avoid discussion or action by the appropriate authority.
>
> 94.  On or about January 10, 2016, the Borough administrator acting at the direction of the mayor indicated that all overtime was to be approved in writing in advance and that the mayor was to be provided with the name of each officer and the reason for individual overtime.
>
> 95.  On or about January 18, 2016 the mayor demanded that the chief reduce his budget by 20% without cutting services.
>
> 96.  On or about February 1, 2016 the mayor demanded from the chief why overtime was being improperly allocated.
>
> 97.  On February 1, 2016 the mayor questioned the chief's determination of amount of security provided to the municipal court.
>
> 98.  On or about March 8, 2016 the mayor attempted to schedule individual officers for CPR training.
>
> 99.  On or about March 9, 2016 the mayor reprimanded the administrator for failure to compel the chief to reschedule the officers for their CPR instruction and scheduling.
>
> 100. On March 23, 2016 the mayor attempted to alter the assignments made by the chief for assignments outside the Borough.

22. The claims against Kranjac in the PBA Lawsuit had no merit. Consequently, on Kranjac's motion, was dismissed as against Kranjac on September 6, 2017.

- 7 -

## COUNT I

### [Prima Facie Tort]

23. Defendant repeats and realleges the allegations in all of the preceding paragraphs as if set forth at length herein.

24. Upon information and belief, as part of his afore-described scheme to take down and extort Kranjac into resigning as Mayor, Cioffi intentionally and maliciously caused the PBA to file the PBA Lawsuit against Kranjac without justification or excuse.

25. The PBA Lawsuit had no basis in law was dismissed on Kranjac's motion.

26. As a result of Cioffi's intentional and malicious conduct, Kranjac has sustained damages.

WHEREFORE, Kranjac demands judgment against Cioffi as follows:

a. For punitive damages,

b. For compensatory damages,

c. For interest and costs,

d. For counsel fees, and

e. For any and all relief that this Court deems just and equitable,

Dated: August ___, 2018                KRANJAC TRIPODI & PARTNERS LLP

By: s/ Joseph Tripodi
Joseph Tripodi
30 Wall Street, 12th Floor
New York, NY 10005
Tel: (646) 216-2400
jtripodi@ktpllp.com
*Attorneys for Defendant*
*Mario M. Kranjac in his Official*
*and Individual Capacities*

- 8 -

## CERTIFICATION PURSUANT TO CIVIL RULE 11.2

I hereby certify that I am not aware of the within matter being the subject of any other action pending in any court or arbitration. I certify that no such action or arbitration proceeding is presently contemplated.

Dated: August __, 2018                KRANJAC TRIPODI & PARTNERS LLP

                                                                    By: s/ Joseph Tripodi
                                                                      Joseph Tripodi
                                                                      30 Wall Street, 12th Floor
                                                                      New York, NY 10005
                                                                       Tel: (646) 216-2400
                                                                       Fax: (646) 216-2373
                                                                       jtripodi@ktpllp.com
                                                                       *Attorneys for Defendant*
                                                                       *Mario M. Kranjac in his Official*
                                                                       *and Individual Capacities*